IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA                                                        PLAINTIFF

v.                                              Case No. 09-CR-043 SPF

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY                                                              DEFENDANT

### OBJECTIONS TO JURY INSTRUCTIONS

Comes now **OSCAR AMOS STILLEY**[1] by limited special appearance, and not a general appearance, and for his objections to the government's jury instructions states:

**ADOPTION WITH RESERVATION OF RIGHTS**

Oscar Stilley adopts all pleadings filed by Lindsey Springer as if set forth word for word herein, save and except with respect to those already so adopted, and with all reservations of any rights as may be necessary or proper or advantageous to the defense, whether or not apparent from the instant pleading.  Without limitation Oscar Stilley adopts all objections and exhibits thereto as if set forth word for word.   Oscar Stilley reserves all objections

---

[1] It is presumed that the plaintiff is master of his own complaint.  This complaint is styled in the name of "**UNITED STATES OF AMERICA**" as opposed to the people thereof, or any grand jury.  Plaintiff, whoever that may actually be, named **OSCAR AMOS STILLEY** as a Defendant.  Therefore, **OSCAR AMOS STILLEY** has appeared specially and limited, challenging jurisdiction, to defend against the charges to the extent required so to do by the law.

inconsistent with any statement by Lindsey Springer which is now, has been, or may be later raised by undersigned.

### RIGHT OF CONSCIENCE OF JURORS

The government at page 3 confesses that a jury "may render a verdict at odds with the evidence or the law..." and thereupon proceeds to ask this Court to tell the jury this is not so. There is neither shame nor legal nor moral wrong by refusing to convict if in the minds of the jurors justice requires acquittal, regardless of the opinions of any man with respect to what the law is thought to be.

Undersigned has been asked to agree to an instruction that falsely states the duties of the jury. With this the Defendant cannot agree. The government claims that the courts "...may not instruct..." and then cites to a case claiming that a criminal defendant is not ... **entitled** to have the jury instructed that they can disregard the law." (Emphasis added)

The lack of an **entitlement** to a proposed instruction (which undersigned does not concede) does not prohibit a court from doing the same honorable and upright act, in its own discretion. The government, with all its personnel and resources, is surely capable of discerning this not so subtle distinction.

Apparently the government believes that its cause is so openly and notoriously unjust that the jurors will not convict unless successfully ordered to convict. If this is not their position then perhaps they will see fit to enlighten this

Court.

### COUNT 1 CONSPIRACY – REASONING IN A CIRCLE, OR WORSE

On page 2 of the government's objections, in the first paragraph, the government takes issue with the accusation that the indictment charges the violation of no statute whatsoever. The government attempts to wiggle past this barrier by saying that the count "clearly alleges that each defendant violated Title 18, United States Code 371..."

This is a tacit admission of the accusation. No one questioned the fact that 18 U.S.C. § 371 was cited. That's plain from the face of the indictment. The question posed was whether or not the conspiracy charge alleged the violation of an *underlying* statute.

There is no underlying statute to which the government can cite. This is the only reason that the government continues to sanctimoniously present its incestuous[2] line of reasoning to this Court, claiming the conspiracy statute is the one which was violated. Is the claim an allegation that the defendants conspired to violate 18 U.S.C. § 371? How far down this silly road can we go? Is it possible to have a conspiracy to conspire to conspire to conspire [ad infinitum] to ... *do something bad*? This is the sum and substance of the government's pathetic case for Count 1, apparently inserted for the purpose of evading its

---

[2] Perhaps "circular" would be an adequate modifier.

duties to bring cases where venue lies.

The government is aware that a conspiracy to violate a misdemeanor statute only is only a misdemeanor.  The government will not in its instructions touch upon or address this question.  An honest answer to this obvious question is pure unadulterated poison to the government's case.  Thus the government evades the question.

The government, without expressly so stating, suggests that *Bryan v. United States*, 524 U.S. 184, 194, 118 S.Ct. 1939 (1998) is a misstatement of the law.  In other words, the government claims that the US Supreme Court is just **wrong**.  Of course they won't cite to this case or to *Cheek v. United States*, 498 U.S. 192, 201 (1991), which the *Bryan* Court relied upon in its pronouncements.  Rather, the government has chosen the dishonest and deceitful path of wilful blindness and conscious disregard of the written rules, presuming that no substantive or significant discipline will be imposed upon them for their malfeasance.

On page 3, the government waxes eloquent in its opposition to Oscar Stilley's conspiracy instruction, again blaspheming the US Supreme Court's *Bryan* opinion.  Immediately thereafter the government sheepishly admits that it "inadvertently omitted the interdependence element that is unique to this Circuit."

What circuit did the $373 Billion US DOJ think this litigation was brought in?  Do they need a map?  Two hands?  Radar?

The 8th Circuit has slightly different instructions.  Presumably there are at least differences around the edges in other circuits too.  If they didn't like the 10th Circuit's ideas, ***WHY DIDN'T THEY SHOP AROUND AND FIND A FORUM THEY LIKED BETTER???!!!***

The government has staked out more positions than undersigned counsel can keep track of, on his parsimonious resources.  Suffice it to say that the government sometimes claims that Stilley and Springer conspired to violate one or more statutes, the identity of which must be state secrets.  They certainly aren't disclosing the statutes, and cunningly persuaded this Court that there was nothing more than the "defraud" clause.

Now the government starts with a summary that includes only the "defraud clause" then uses a substantive instruction which includes both the "defraud clause" and an alternative "commit violations of substantive law" just in case they don't chin the first bar.

The government has never said what statutes were allegedly the subject of the conspiracy.  They have never said what statutes the defendants conspired to violate.  They want to have it both ways and disclose nothing now.  At trial they will dodge and bob and weave, leaping to a new theory each time and old one goes down in flames, in the end begging and demanding that the Court pull the tattered remains of their donkey out of the ditch, and pronounce it to be the picture of soundness and health.

Hopefully the opinion of undersigned about such disgraceful tactics is discernable to this Court.   But this conduct is not just reprehensible, it is illegal.  In *U.S. v. Minarik*, 875 F.2d 1186 (6th Cir. 1989) the Court said:

> [41] Moreover, if conspiracy agreements the object of which fall under a specific offense defined by Congress are allowed to be prosecuted under the "defraud" clause, the purpose of the misdemeanor provision of § 371 will be defeated. That provision says that when the "offense . . . which is the object of the conspiracy" is a misdemeanor, the punishment under § 371 must be limited to the punishment provided for the misdemeanor. Congressional intent will be defeated if the government can prosecute under the defraud clause conduct which Congress has isolated and defined as a misdemeanor. **The misdemeanor provision, as well as the Government's handling of this case, graphically illustrates the confusion generated if the offense clause and the defraud clause are treated as overlapping rather than as mutually exclusive.**
> (Emphases added)

The government is willfully and intentionally violating the laws that they swore to uphold.   Later in Minarik the Court explained:

> [49] But where the duties of a citizen are as technical and difficult to discern as they are when a taxpayer, before levy, engages in otherwise legitimate activities that may make ultimate collection more difficult, we hold that a Congressional statute closely defining those duties **takes a conspiracy to avoid them out of the defraud clause and places it in the offense clause.** The conspiracy is still an indictable offense under the first clause of § 371. But compliance with our rule today will mean that prosecutors and courts are required to determine and acknowledge exactly what the alleged crime is. They may not allow the facts to define the crime through hindsight after the case is over.
>
> [50] In the case before us, the prosecutors, either intentionally or unintentionally, used the defraud clause in a way that created great confusion about the conduct claimed to be illegal. The case should have been brought under the offense clause of § 371, and Judge Higgins was correct in his judgment that the verdict cannot be allowed to stand. Accordingly, the judgment of the District Court is affirmed.
> (Emphasis added)

Thus it is abundantly clear that the government, at this late hour, is confessing that it knows not what it allegedly persuaded a Grand Jury to charge. It is proposing jury instructions in the alternative when *Minarik* rightly and cogently explains that such a charge is impossible without violating the constitution. A 371 charge must be either under the offense clause, if such exists, or under the defraud[3] clause, if there is no statute offended by the conduct. There are no such thing as conduct that justifies a jury instruction encompassing either or both clauses.

The government submitted a supplemental instruction which simply begs the question as to what the act of defrauding was. There is no real improvement by the submission of this instruction, which still allows the government unlawful freedom to roam in search of a theory of conviction.

The government demonstrates no confidence in its own cqse but rather seeks to keep hope alive so that it will have a chance to smear and besmirch the reputations of the defendants, in hope of salvaging an unlawful guilty verdict of some kind on at least some count.

**TAX EVASION INSTRUCTION**

The government claims no duty to prove any statutory liability for any tax,

---

[3] Defendant Stilley does not concede that the defraud clause is ever constitutionally sound and justifiable, in light of the rule of lenity and the prohibition on common law crimes. However, it is plain that proof that an act allegedly violates a statute renders it untenable as a generic "defraud clause" case.

nor any assessment. In other words the government claims a common law crime based on a manufactured obligation never imposed or even contemplated by Congress. The assertion is frivolous and their jury instruction should be reviewed in such light.

Oscar Stilley objects to the government's instructions for the reasons stated, and reserves the right to raise new objections at least to the extent that the government brought in new instructional ideas in the *Farr* case, without prejudice to the objection to the errors in *Farr*.

Respectfully submitted,

By: ___/s/ Oscar Stilley___
Oscar Stilley
7103 Race Track Loop
Fort Smith, AR 72916
(479) 996-4109
(866) 673-0176 fax
oscar@oscarstilley.com

**CERTIFICATE OF SERVICE**

I, Oscar Stilley, by my signature above certify that I have this August 17, 2009, caused the Plaintiff to be served with a copy of this pleading by CM/ECF to: Kenneth P. Snoke, United States Attorney's Office, 110 W 7th Street, Suite 300, Tulsa , OK 74119-1013, ken.snoke@usdoj.gov; Charles A O'Reilly, US Dept of Justice, PO Box 972, Washington , DC 20044, email charles.a.o'reilly@usdoj.gov . Also by email to Lindsey K. Springer at

<u>Gnutella@mindspring.com</u> .