IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                             Case No. 09-CR-043 SPF

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY                                                                    DEFENDANT

### REPLY TO RESPONSE TO MOTION TO DISMISS CONSPIRACY COUNT

Comes now **OSCAR AMOS STILLEY**[1] by limited special appearance, and not a general appearance, and for his reply to response to the motion to dismiss the conspiracy count states:

Undersigned adopts the motion, brief, and reply to dismiss the counts of the indictment, filed by Lindsey Springer and assigned docket numbers of 123, 124, and 130, with all exhibits, as if set forth herein word for word.

The government makes a general denial on the theory that the Defendants had sufficient notice of legal theories and notice of the facts to plead this dismissal earlier, on the general cutoff for dispositive motions, May 15, 2009. The government requests another bite at the apple if their theory is

---

[1] It is presumed that the plaintiff is master of his own complaint. This complaint is styled in the name of "**UNITED STATES OF AMERICA**" as opposed to the people thereof, or any grand jury. Plaintiff, whoever that may actually be, named **OSCAR AMOS STILLEY** as a Defendant. Therefore, **OSCAR AMOS STILLEY** has appeared specially and limited, challenging jurisdiction, to defend against the charges to the extent required so to do by the law.

rejected by the Court.

Defendant objects to this procedure. The government has essentially unlimited resources. It is capable of explaining the substantive reasons, either factual or legal, in support of its resistance to the motion, as well as any procedural escape hatch.

Defendant set forth 6 paragraphs in his motion, showing entitlement to the relief sought. The government has not denied these allegations or addressed them on a count by count basis.

When Lindsey Springer made a reasonable request for time in order to meaningfully inform the Court of his legal position by way of jury instructions, the Court denied same after the time for performance had expired. Very soon Springer filed a motion for leave to file out of time, with proposed jury instructions attached. This Court rejected the request, and subsequently rejected a well reasoned and thoroughly supported motion to reconsider.

The Court elected to promise equal treatment to the government as well as defendants, saying in docket # 117:

> Aside from the failure of the motions to make the required showing, the court notes that, with respect to simultaneous filing requirements (such as that set forth in the schedule put in place in this case fifteen weeks ago), basic fairness to the litigants in our adversary system requires that the court not lightly excuse one party from a simultaneous filing deadline when the opposing party has scrupulously complied with the deadline. Moreover, if this complex case is to be prepared for trial and tried on the basis of the schedule upon which all parties (and the court) have relied, it is essential that all parties and the court comply with the established deadlines in the

Page 2 of 10

absence of a highly persuasive showing – not made here – that relief from the schedule is warranted. (Mr. Springer may rest assured that the court's stringent approach **applies equally to the government** and to the defendants. **Any requests from the government for scheduling relief will be held to the same standard.**)
   (Emphases added)

These are the Court's own words.  Consider now the words ascribed to this Honorable Court in the opinion in *United States v. Farr*, 536 F.3d 1174, 1178-1179 (10th Cir. Okla. 2008):

This (promising for the defense) line of questioning continued throughout trial. Eventually, the district court intervened to address "the issue raised by the indictment." Aplt. App. # 11 at 112-13. Noting that the government had "four years [prior to trial] to get it right in the indictment," the district court expressed concern that [*1179] the indictment was legally deficient by charging Ms. Farr for a crime that its own witnesses suggested only the clinic could commit. Aplt. App. # 16. **After contemplating a motion for judgment of acquittal, however, the court eventually sought to save the trial by preparing a jury instruction requiring the jury to treat the trust fund recovery penalty discussed [**10] at trial and the quarterly employment tax referenced in the indictment as interchangeable terms:**You are instructed that, as a matter of law, for all purposes relevant to this case, the Trust Fund Recovery Penalty assessed against the defendant is to be treated as the equivalent of the quarterly employment tax referred to in Count 1 and Count 2 of the indictment.Aple. App. at 7. The court acknowledged, with some regret, that its jury instruction **"forecloses [closing] argument that the defendant did not evade the quarterly employment tax because all she was ever assessed for was the trust fund recovery penalty," and "cuts . . . clean off" Ms. Farr's primary trial defense based on the language of the indictment.** Aplt. App. # 11 at 115, 114. The court went on to state that **"it rankles me to be having to scab over this problem [that] could so easily have been avoided. . . . [B]y giving this instruction, I'm pulling the case out of the ditch for the government, and as I said, it rankles me *to have to be* doing that."** Id. Aplt. App. # 11 at 113, 115. Ultimately, the jury convicted Ms. Farr, and the district court sentenced her to thirty months in prison, three years of supervised release, [**11] and $ 72,076.21 in restitution, but suspended the sentence pending this appeal.

(Emphases added)

This brings up a lot of questions. If this Court treats all litigants alike, why would the Court pull the government's ox out of the ditch **after** a motion for directed verdict? Undersigned counsel has tried a few cases and cannot remember a single case where jury instructions were required as early as in this case, and certainly no case where instructions were stricken considerably longer than the magic 70 days referenced in the statutory Speedy Trial Act before trial.

Are we missing something? Is the 10th Circuit in error when it ascribes the drafting of the *Farr* jury instruction to the Court? The 10th Circuit quotes this Court as saying the government had 4 years to "get it right" yet still made an error described by this Court as easily avoidable?

Undersigned counsel has read the instruction at issue in *Farr*, and it looks very much like a thinly disguised directed verdict, at the very least as to the fact most promising for the defense. It can scarcely be denied that an element of the case was taken from the jury.

This case was published one year ago today. The most distressing words from this opinion are those which suggest that the Court felt obligated to take the action that it took. Why would the Court do something contrary to the constitutional, statutory, and common law rights of an accused while saying that it "rankles me to have to be doing that?" Ms. Farr was plainly entitled to a directed verdict but did not get it.

How can one not be curious as to the source of the pressure alluded to in *Farr*? Yet the Court promises even handed treatment now. This likewise arouses curiosity as to what may have happened in the interim such that the Court would feel confident to make the promise outlined above concerning equal treatment of all parties. Of course nothing herein is intended to or should be construed as disrespectful to the person or office of the Court, in any way.

The foregoing is said to say the following. If this Court is satisfied in the justice of striking of Springer's instructions, adopted by undersigned, including in particular venue which was not addressed by undersigned in anticipation of Springer's labor on that singularly important task, what then should be done to the government for blithely declining to admit or deny the 6 discrete numbered paragraphs in Defendant's motion?

This Court should deem all 6 paragraphs confessed and taken as true by the government. If this is not to be done then at least the government should straightly order the government to promptly and forthrightly respond to each numbered paragraph.

In fact the government has not to this date supplied sufficient notice of their legal theories and supporting facts to permit an intelligent motion to dismiss Count 1. As we speak, the government bounces from theory to theory, and has disclosed virtually no facts that would telegraph hints about which legal theory they are likely to rely upon at trial.

Actually, the government did recently give some hints. Additional discovery upon a CD having a date of 8-11-09 was provided, which included certain March 9, 2009 grand jury testimony about the amounts of the alleged taxes claimed to have been evaded.

In addition, a telephone conversation was had with Mr. O'Reilly and Mr. Shern. A memorandum of this conversation is attached as Exhibit "3" to Springer's Reply [docket 130] which is adopted by undersigned. In addition, there was an email exchange concerning this conversation, which is attached hereto as Exhibit "1."

Mr. Snoke objects to any more specificity with respect to the indictment, saying:

> Chuck:
> I would not respond. To do so is, in essence, answering previously protestations and motions for bills of particulars which we are beyond at this point. We are playing their game when we get into minutia and limit ourselves in any way not required by the statute or the court. Impairing the determination and collection of taxes is one method of evading the assessment and/or payment of taxes. The latter wording is in section 7201, but we should not be saying that evading the assessment and/or payment of taxes is in any way **excluded** from our theory on the conspiracy's objects because the two concepts are not severable. In any case, rather than getting dragged into a another debate with Stilley or Springer, based on their bogus professed inability to understand the charges against them.[2]

(Emphasis in original)

It is important to note that when confronted with the claim that the information necessary to bring this motion was recently disclosed, there was no

---

[2] Sic. This is a sentence fragment. Undersigned doesn't know what Mr. Snoke would have said by way of a complete sentence, had he gotten around to it, but is eaten up with curiosity.

denial or refutation of that claim.  In the government's Memorandum, received at 3:46 PM August 19, 2009, you will see a note to the effect that Oscar Stilley was told that he already had certain information from the government.  This is true, but Oscar Stilley had asked at 1:22 PM the following:

> I do appreciate you taking the time to help me understand the charge of Count 1 conspiracy yesterday. Before I proceed with a defense based upon my understanding, I'd like to make sure that I didn't misunderstand anything. I have prepared the following from my notes, and also from grand jury testimony pages 1442 to 1500. On the CD of grand jury testimony that I was provided I have the date of 8-11-09. Please correct me if this date is wrong or this grand jury testimony was turned over before that date, or if I should have been aware of the information contained therein, casting light upon the grand jury's theory of the case, from discovery material previously turned over.

The government's escape route from the original motion has nothing to do with the merits of the case.  It is a technical objection claiming that Stilley & Springer had all the information they needed before the expiry of the original deadline, and that the Court should therefore disregard this "late" motion to dismiss.

The government, in response to this invitation, gives no basis whereby Stilley or Springer should have been aware of the government's theory of Count 1 before 5-15-09.  The government knows full well the issues in this case.  The government knows the deadlines imposed by this Court.  The government knows that both Stilley and Springer are rational and willing to consider evidence that the theory of the grand jury should have been apparent on or before the deadline for motions with respect to which the factual or legal basis was readily apparent from the outset.  Knowing same, the government stands mute.

The government steadfastly refuses to cite to disclosures which would arguably suggest that its technical objection has some merit. Why? Why wouldn't the government simply point to some disclosure dated prior to 5-15-09 which it could rationally claim to have provided information which should have enabled an earlier filing of this motion to dismiss?

This Court should reject the technical defense out of hand.

The government, having convinced this Court that there were no statutes pertinent to Count 1, is now claiming that 26 U.S.C. § 7201 is in fact part of the statutory basis for Count 1. At least Mr. Snoke makes this claim. Mr. O'Reilly said that the conspiracy was not for tax evasion, but then failed to explain what he meant thereby.

The Tenth Circuit jury instructions require proof of an agreement to *violate the law*. The government agrees with this legal principle a goodly portion of the time. It seems that the only time they disagree is when they are put on the spot to say what law Springer & Stilley allegedly violated.

The government wishes to now use the memorandum of the conversation with Stilley, O'Reilly and Shern to say that sufficient information concerning the indictment has now been supplied. This simply is not true.

Additional helpful information was in fact supplied by Mr. O'Reilly and Mr. Shern. However, there are further reasonable questions posed in the follow up email, which remain unanswered. For example:

> I still don't know what particular income taxes the alleged agreement covered. If you have this information in your possession or available to you, I'd like to be able to identify the specific income tax involved and also determine how much was deemed owed for each year. If your figures include nothing other than the tax imposed under Section 1 of Title 26, I'd be much obliged if you would commit to that theory.

At minimum, this ought to bring a reply as to how much Section 1 tax is claimed, and how much self employment tax is claimed.  No such information has been supplied.

Count 1 of the indictment does not charge an offense recognized and cognizable under the case law and jury instructions of the 10th Circuit.  It should be dismissed.

WHEREFORE, Defendant Oscar Stilley respectfully requests that the Court dismiss Count 1 with prejudice; be and for all such other and further relief as may be appropriate whether or not specifically prayed.


Respectfully submitted,


By:      /s/ Oscar Stilley
Oscar Stilley, Attorney at Law
7103 Race Track Loop
Fort Smith, AR 72916
479-996-4109
(866) 673-0176 Fax
oscar@oscarstilley.com

## CERTIFICATE OF SERVICE

I, Oscar Stilley, by my signature above certify that I have this August

19, 2009, caused the Plaintiff to be served with a copy of this pleading by CM/ECF to: Kenneth P. Snoke, United States Attorney's Office, 110 W 7th Street, Suite 300, Tulsa, OK 74119-1013, ken.snoke@usdoj.gov; Charles A O'Reilly, US Dept of Justice, PO Box 972, Washington, DC 20044, email charles.a.o'reilly@usdoj.gov . Also by email to Lindsey K. Springer at Gnutella@mindspring.com .