# Oscar Stilley

| | |
|---|---|
| **From:** | Snoke, Ken (USAOKN) [Ken.Snoke@usdoj.gov] |
| **Sent:** | Wednesday, August 19, 2009 2:02 PM |
| **To:** | O'Reilly, Charles A. (TAX); Oscar Stilley |
| **Cc:** | Shern Brian M |
| **Subject:** | RE: Theory of Count 1 conspiracy |

Chuck:

I would not respond.  To do so is, in essence, answering previously protestations and motions for bills of particulars which we are beyond at this point.  We are playing their game when we get into minutia and limit ourselves in any way not required by the statute or the court.  Impairing the determination and collection of taxes is one method of evading the assessment and/or payment of taxes.  The latter wording is in section 7201, but we should not be saying that evading the assessment and/or payment of taxes is in any way **excluded** from our theory on the conspiracy's objects because the two concepts are not severable.  In any case, rather than getting dragged into a another debate with Stilley or Springer, based on their bogus professed inability to understand the charges against them.

KEN

---

**From:** O'Reilly, Charles A. (TAX)
**Sent:** Wednesday, August 19, 2009 12:26 PM
**To:** Oscar Stilley
**Cc:** Snoke, Ken (USAOKN); Shern Brian M
**Subject:** RE: Theory of Count 1 conspiracy

Mr. Stilley:

I am not going to review your notes and determine whether your notes are correct.  However, I will discuss this with AUSA Snoke and Special Agent Shern to determine whether we will respond.

Charles O'Reilly
Special Assistant U.S. Attorney
Office of the United States Attorney
for the Northern District of Oklahoma

---

**From:** Oscar Stilley [mailto:oscar@oscarstilley.com]
**Sent:** Wednesday, August 19, 2009 1:22 PM
**To:** O'Reilly, Charles A. (TAX)
**Cc:** Lindsey Springer
**Subject:** Theory of Count 1 conspiracy

Dear Mr. O'Reilly:

I do appreciate you taking the time to help me understand the charge of Count 1 conspiracy yesterday.  Before I proceed with a defense based upon my understanding, I'd like to make sure that I didn't misunderstand anything.  I have prepared the following from my notes, and also from grand jury testimony pages 1442 to 1500.  On the CD of grand jury testimony that I was provided I have the date of 8-11-09.  Please correct me if this date is wrong or this grand jury testimony was turned over before that date, or if I should have been aware of the information contained therein, casting light upon the grand jury's theory of the case, from discovery material previously turned over.

My understanding of the grand jury's theory, with certain questions, is as follows:

The Count 1 conspiracy charge is intended to allege an agreement between Oscar Stilley and Lindsey Springer to impair the determination, assessment, and collection of the following amounts:

| | |
|---|---|
| 00 | $33,777.11 |
| 01 | $   500.00 |
| 02 | 0.00 |
| 03 | $89,349.61 |
| 04 | 0.00 |
| 05 | $33,463.00 |
| 06 | 0.00 for this year and following years |

It is my understanding, based in part on grand jury testimony disclosed and in part on our conversation yesterday, that the grand jury's theory is not a theory that defendants entered into a conspiracy to evade the tax, but rather a conspiracy to impair the determination, assessment, and collection of those amounts.

I remain unclear as to whether that the grand jury's theory **excludes** any conspiracy to evade the tax, or whether the grand jury's theory simply **does not rely on** a theory of conspiracy to evade the tax.  The distinction might seem subtle, but I need to know if the contention is that this particular alleged conspiracy actually alleged excludes any conspiracy to evade the tax, as opposed to simply not relying on a such a theory.  Could you please elucidate on what the grand jury's theory is in this regard?

My understanding is that the same basic theory applies for the years in which no tax was due, or the year 2001 when only $500 was due, as is the case in the years where a significant tax liability is claimed.   In other words, the grand jury's theory posits a similar offense in those years, same being a conspiracy to impair the IRS' abilitiy to determine the taxability of various events or transactions related to Lindsey Springer, even though little or no assessment or collection activities would have been within the purview of IRS functions had the IRS been able to make its determinations.

Thus it would appear to me that for the years 2002, 2004, 2006, 2007, and 2008, the conspiracy count encompasses only an alleged agreement to interfere with the determination of tax liabilities of Lindsey Springer.  For the years 2000, 2003, and 2005 the alleged conspiracy involves an agreement to interfere with the determination, assessment, and collection of taxes.  I'd need your explanation of which category 2001 falls into, or if there are additional nuances there.

I still don't know what particular income taxes the alleged agreement covered.   If you have this information in your possession or available to you, I'd like to be able to identify the specific income tax involved and also determine how much was deemed owed for each year.  If your figures include nothing other than the tax imposed under Section 1 of Title 26, I'd be much obliged if you would commit to that theory.

If I have overlooked any subtle nuance of the grand jury's theory, please explain.  I am trying to accurately understand the exact nature of the grand jury's theory for Count 1.

Thank you very much for your kind consideration of this request.

Oscar Stilley
os


Oscar Stilley, Attorney at Law[1]
7103 Race Track Loop
Fort Smith, AR 72916
(479) 996.4109 phone
(866) 673.0176 fax
oscar@oscarstilley.com
www.oscarstilley.com


IMPORTANT: The information contained in this email message is intended only for the individual/entity named herein. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and destroy all originals and copies of this message. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege.  Footnote 1:  [Suspended from Arkansas courts pending disbarment, principally for the alleged offense of criticizing the government. Suspended in some but not all other jurisdictions to which Attorney is admitted. Ask for details, it's complicated.]