AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

__NORTHERN__ District of __OKLAHOMA__

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| OSCAR AMOS STILLEY | Case Number: 09-CR-043-002-SPF |
| | USM Number: 10579-062 |
| | Oscar Amos Stilley, Pro Se |
| | Charles Robert Burton, IV, Standby Counsel |
| | Defendant's Attorney |

**THE DEFENDANT:**

[ ] pleaded guilty to count(s) _____

[ ] pleaded nolo contendere to count(s) _____
which was accepted by the court.

[x] was found guilty on counts  One, Three, and Four of the Indictment
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Defraud the United States | 1/15/09 | 1 |
| 26 U.S.C. § 7201 and 18 U.S.C. § 2 | Tax Evasion and Aiding and Abetting | 1/15/09 | 3 |
| 26 U.S.C. § 7201 and 18 U.S.C. § 2 | Tax Evasion and Aiding and Abetting | 1/15/09 | 4 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____

[ ] Count(s) _____ [ ] is [ ] are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

April 23, 2010
Date of Imposition of Judgment

_____
Signature of Judge

The Honorable Stephen P. Friot, U.S. District Judge
Name and Title of Judge

April 28, 2010
Date

AO 245B    (Rev. 09/08) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT: Oscar Amos Stilley
CASE NUMBER: 09-CR-043-002-SPF

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 180 months. Sixty months as to each of Counts One, Three, and Four, all such terms to run consecutively to each other.

[x] The court makes the following recommendations to the Bureau of Prisons:

The Court directs the Bureau of Prisons not to incarcerate the defendant with his co-defendant, Lindsey Kent Springer (USM Number 02580-063).

[x] The defendant is remanded to the custody of the United States Marshal.

[] The defendant shall surrender to the United States Marshal for this district:

   [] at _____ [] a.m. [] p.m. on _____ .
   [] as notified by the United States Marshal.

[] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   [] before 12 noon on _____ .
   [] as notified by the United States Marshal.
   [] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 3 — Supervised Release
Case 4:09-cr-00043-SPF   Document 338 Filed in USDC ND/OK on 04/28/10   Page 3 of 6
Judgment—Page __3__ of __6__

DEFENDANT: Oscar Amos Stilley
CASE NUMBER: 09-CR-043-002-SPF

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : Three years. Said term consists of three years as to each of Counts One, Three, and Four. These terms of supervised release shall run concurrently, each with the others.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse, but authority to administer drug testing for cause is retained. (Check, if applicable.)

[x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prison, or any state sex offender registration agency in which he or she resides, works, or is a student, or was convicted of a qualifying offense. (Check, if applicable.)

[ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4. The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living).
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6. The defendant shall notify the probation officer at least ten days prior to any change of residence or employment.
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court.
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement (any objection to such notification shall be decided by the district court).
14. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.
15. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

DEFENDANT: Oscar Amos Stilley
CASE NUMBER: 09-CR-043-002-SPF

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit his person, residence, office or vehicle to a search, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. The defendant shall abide by the "Special Financial Conditions" previously adopted by the Court, as follows:

    1. The defendant shall maintain a checking account in the defendant's name and deposit into this account all income, monetary gains or other pecuniary proceeds, and make use of this account for payment of all personal expenses. All other bank accounts must be disclosed to the probation officer.

    2. The defendant shall not make application for any loan or enter into any credit arrangement, without first consulting with the probation officer.

    3. The defendant shall disclose all assets and liabilities to the probation officer. The defendant shall not transfer, sell, give-away, or otherwise convey any asset, without first consulting with the probation officer.

    4. If the defendant owns or maintains interest in any profit or nonprofit entity, you shall, upon request, surrender and/or make available for review, any and all documents and records of said profit or nonprofit entity to the probation officer.

    5. The defendant shall, upon request of the probation officer, complete a personal financial affidavit and authorize release of any and all financial information, to include income and tax return records, by execution of a Release of Financial Information form, or by any other appropriate means.

3. The defendant shall abide by the "Special Computer Restriction Conditions" previously adopted by the Court, as follows:

    1. The defendant shall disclose all e-mail accounts, Internet connections and Internet connection devices, including screen names and passwords, to the probation officer; and shall immediately advise the probation officer of any changes in his or her e-mail accounts, connections, devices, or passwords.

    2. The probation officer shall have authority to monitor all computer activity, to include all e-mail or Internet connections, to include but not limited to installation of remote monitoring software. Unless waived by the probation officer, the cost of remote monitoring software shall be paid by the defendant.

    3. The defendant shall not access any on-line service using an alias, or access any on-line service using the Internet account, name, or designation of another person or entity; and report immediately to the probation officer access to any Internet site containing prohibited material.

    4. The defendant is prohibited from using any form of encryption, cryptography, stenography, compression, password-protected files or other methods that limit access to, or change the appearance of, data and/or images.

    5. The defendant is prohibited from altering or destroying records of computer use, including the use of software or functions designed to alter, clean or "wipe" computer media, block monitoring software, or restore a computer to a previous state.

    6. If instructed, the defendant shall provide all personal and business telephone records and credit card statements to the probation officer

4. While on supervision, the defendant shall cooperate with the IRS in preparing and filing true and correct income tax returns for any tax years since 1987 for which the defendant has not filed a tax return; cooperate with the IRS in civil proceedings to determine accurately his tax liabilities for the same years; establish a payment schedule with the IRS and pay all taxes, interest, and penalties owed in connection with his tax debt according to the payment schedule set by the IRS.

5. The defendant shall not engage in any activity that would constitute the unauthorized or unlicensed practice of law, nor provide representation or services of any kind, advice, suggestions, or recommendations, whether paid or not, to any person or entity, public or private, other than immediate family members, with respect to any matter relating to federal or state taxation. The defendant will maintain no website that refers to any matter relating to federal or state taxation. The defendant will post no material of any kind on any website that refers to any matter relating to federal or state taxation. The defendant will not file, without the expressed written permission of the Probation Office, any civil action relating to federal income tax.

6. The defendant shall not work directly or indirectly in any business, profession, or self-employment engaged in the offer, sale, purchase, trade, brokering, solicitation, or similar transactions with respect to any real property, securities or negotiable instruments. The defendant will not engage in telemarketing activities, to include any telephone sales or other such business, campaign, venture, or transaction. The defendant shall maintain employment. All employment must be approved in advance by the Probation Officer. The defendant shall abide by electronic monitoring, curfew requirements, and travel restrictions.

7. If instructed by the Probation Officer, the defendant shall provide originals or copies of all personal and business telephone phone records and all credit card, checking account and PayPal statements to the U.S. Probation Officer.

8. The defendant shall report to the Probation Officer the particulars, as specified by the Probation Officer, of all transactions consummated with a check cashing service. These reports shall be made within 10 calendar days after completion of any such transaction. The defendant shall refrain from transacting business with any check cashing service if so directed by the Probation Officer.

9. The defendant shall disclose all email accounts, Pay Pal accounts, internet connections and communication devises, to include all screen names and passwords. Your use of email, internet connections, or an internet connection service will be restricted and/or monitored by monitoring software and otherwise, with the costs of remote computer monitoring to be paid by the defendant. The defendant will be prohibited from accessing any on-line service using an alias or the internet account, name or designation or another person or entity. The defendant will be prohibited from altering or using any form of encryption or other methods that limit access to, or change, the appearance of data or images. The defendant will be prohibited from altering or destroying records of computer use.

DEFENDANT: Oscar Amos Stilley
CASE NUMBER: 09-CR-043-002-SPF

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 300 ($100 as to each of Counts One, Three, and Four) | $ N/A | $ 776,280 |

[ ] The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[x] The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| IRS-RACS<br>Attention: Mail Stop 6261<br>Restitution<br>333 West Pershing Ave.<br>Kansas City, Missouri 64108 |  | $ 684,653 |  |
| Arkansas Department<br>of Finance<br>and Administration Income<br>Tax Administration<br>P.O. Box 3628<br>Little Rock, Arkansas 72203 |  | $ 91,627 |  |
| **TOTALS** | $ 0 | $ 776,280 |  |

[ ] Restitution amount ordered pursuant to plea agreement $ _____

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [ ] the interest requirement is waived for the   [ ] fine   [ ] restitution.

   [ ] the interest requirement for the   [ ] fine   [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Oscar Amos Stilley
CASE NUMBER: 09-CR-043-002-SPF

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   []   Lump sum payment of $ _____ due immediately, balance due

     []   not later than _____ , or
     []   in accordance with   [] C,   [] D,   [] E, or   [] F below; or

B   []   Payment to begin immediately (may be combined with   [] C,   [] D, or   [] F below); or

C   []   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   []   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   []   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   [x]   Special instructions regarding the payment of criminal monetary penalties:

Any criminal monetary penalty is due in full immediately, but payable on a schedule of the greater of $25 quarterly or 50% of income pursuant to the Federal Bureau of Prisons' Inmate Financial Responsibility Program while in prison. If a monetary balance remains, payment is to commence no later than 60 days following release from imprisonment to a term of supervised release in equal monthly payments of $100 or 10% of net income (take home pay), whichever is greater, over the duration of the term of supervised release and thereafter as prescribed by law for as long as some debt remains. Notwithstanding establishment of a payment schedule, nothing shall prohibit the United States from executing or levying upon property of the defendant discovered before or after the date of this Judgment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[]   Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[]   The defendant shall pay the cost of prosecution.
[]   The defendant shall pay the following court cost(s):
[]   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.