Case 4:09-cr-00043-SPF   Document 454 Filed in USDC ND/OK on 04/18/11   Page 1 of 3

TRULINCS 10579062 - STILLEY, OSCAR AMOS - Unit: FOR-M-D
--------------------------------------------------------------------------

FROM: 10579062
TO:
SUBJECT: Reply NDOK access to ct. motion
DATE: 4/14/2011 5:52:19 PM



09-CR-043-SPF-2

IN THE US DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES                    PLAINTIFF

**FILED**

V.   09-43

APR 18 2011

LINDSEY SPRINGER AND OSCAR STILLEY    DEFENDANTS

REPLY TO RESPONSE TO MOTION FOR ACCESS TO COURTS

Phil Lombardi, Clerk
U.S. DISTRICT COURT

Comes now Oscar Stilley (Stilley) and for his reply states:

The government misstates the law in its citation to US v. Cooper, 375 F.3d 1041, 1052 (10th Cir. 2004) and US v. Taylor, 183 F.3d 1199, 1204 (10th Cir. 1999). Stilley is not asking that he be given any "freebies" from the government. He is asking that his adversary cease their malicious sabotage of Stilley's use of his own property to access the courts, petition, etc. Cooper & Taylor relate to requests that the government procure and provide materials to inmates at public expense. Stilley asks for nothing at government expense.

The government has no answer to Procunier v. Martinez, 416 US 396 (1974), which prohibits affirmative acts of interference regardless of what other assistance is provided to the inmate, and regardless of whether the inmate happens to be represented by counsel. This was cited in my brief in support of motion, yet the government ignores it. The government is quoting out of context, trying to construe Cooper and Taylor to overrule a US Supreme Court case.

The DOJ has interfered with Stilley's attempts to use the administrative process, refusing to acknowledge and rule on requests, for months at a time. Stilley currently has a request pending at Regional offices appealing the denial from Warden Outlaw. The comment that "Stilley makes no pretense of having sought relief through these avenues" is inaccurate. Stilley is currently seeking relief through these avenues, as shown by the government's own brief.

The DOJ claims that Stilley's request is novel. Actually, their own rules say that inmates generally are entitled to the relief sought. The US Department of Justice-Federal Bureau of Prisons (DOJ-BOP) promulgates "Program Statements" that set forth the official rules, and implementing information related to those rules.

Program Statement 1315.07 is entitled "Legal Activities, Inmate." This is divided up into parts denominated as Section 543.10 through Section 543.16. Stilley doesn't understand quite the logic behind this numbering system, since the Section divisions correspond to paragraph numbers of 1315.07, numbered from 1-16, but not in a way that Stilley finds particularly helpful or intuitive. Thus Stilley will generally cite only to the paragraph numbers of 1315.07.

Paragraph 7 is entitled "Maintenance of Law Libraries." (7)(c)(3) provides that "State officials are responsible for providing state legal assistance and/or state legal materials to state inmates transferred to Federal custody. Staff may not interfere in an inmate's attempts to obtain such assistance or materials."

Stilley purchased a long term subscription to Lexis-Nexis prior to coming to prison. This subscription provides the law of each state. Furthermore, much of the forms and lower level legal authorities of the states, such as administrative rules and regulations, are supplied to the public on the internet. Much of this information is not included in Stilley's Lexis-Nexis subscription, for amongst other reasons the fact that a perfectly serviceable copy of those authorities is available for free on the internet.

Thus "state officials" provide legal materials over the internet, for free, through paid services such as Lexis-Nexis, or both. Prison staff are thus forbidden to interfere with the attempts of inmates to obtain such materials.

Other information, such as the regulations pertinent to federal tax laws with respect to years other than the current year, are

likewise available on the internet. Stilley doesn't think such are available with his subscription, and furthermore is certain that they aren't provided on the pretense of a legal research tool that the DOJ-BOP uses to slander the good name of Lexis-Nexis, while simultaneously pretending to provide inmates with adequate "free" legal research capabilities.

The administration of this prison is willfully interfering with Stilley's attempts to obtain materials from the State of Arkansas and other states, relevant to state laws and regulations. The government says at page 7 of its response in opposition that "Stilley has been provided access to adequate law libraries." However, the government doesn't define the term "adequate" and has not contradicted the statement that prior year tax forms, statutes, regulations, and instructions simply aren't available to inmates at this institution.

Stilley has a laptop and wireless internet access, which the Court graciously allowed Stilley to use in the courtroom. TR 4-22-09 Pretrial @ 30.

Stilley apologizes for saying that "the Court" in Bounds v. Smith, 430 US 817, 835 (1977) had said that "the record reflects that prison officials in no way interfered with inmates' use of their own resources in filing collateral attacks." Stilley concedes that this footnote was part of a dissent.

Even so, does anyone doubt the veracity of Chief Justice Burger's statement? The statement was one of fact. The fight in Bounds was not over interference with an inmate's use of his own resources to access the courts, as no such interference was taking place or alleged. The fight in Bounds was over what affirmative duties prison authorities have to provide assistance to inmates seeking access to the courts, at taxpayer expense.

Shaw v. Murphy 532 US 223 (2001) is cited for the proposition that "some rights" are inconsistent with the prison setting. Shaw stands for the proposition that legal communications between inmates don't get higher protection than the basic First Amendment protection that is inherently available.

The government then cites Gee v. Pacheco, 627 F.3d 1178, 1187 (10th Cir. 2010), for the proposition that "Restrictions on prisoners bringing in personal computers and other related materials are "reasonably related to legitimate penological interests."" Stilley cannot find words on that page of that opinion that actually stand for the proposition. In fact, Stilley can't find 1) where that court said such restrictions exist, or 2) that such regulations are or would be reasonably related to legitimate penological interests.

This begs the question. What "BOP['s] standard policies and procedures" are they talking about? What prison regulation do they cite as prohibiting inmates from possessing or using such items? No one has directed Stilley to any written prison regulation or Program Statement that actually by a fair reading prohibits Stilley from possessing and using his laptop computer for proper purposes.

Stilley has already shown that the Program Statements formally entitle Stilley to have access to state law materials, and further say that prison officials must not interfere. Given the small volume of hard copy that prisoners are allowed to possess, same being far less than the hard copy materials related to Stilley's criminal case alone, there is only one way for the inmate to access or attempt to access such materials. The inmate must be allowed to access those materials over the internet.

Stilley is entitled to help other inmates prepare their own documents and pleadings respecting such matters as child support, traffic tickets, detainers, warrants, direct appeals, and collateral attacks. The government has not cited to any federal or Arkansas statute or authority saying that a disbarred Arkansas attorney is prohibited from doing such things, or that such conduct amounts to the "unauthorized practice of law."

Stilley already cited Johnson v. Avery, 393 US 483 (1969) in support of his claims. Unless and until the government is able to say that the case doesn't stand for the proposition Stilley stated in his opening brief, or to show that the case has been overturned, they have no right to attack Stilley for providing assistance to some of the most disadvantaged individuals in our society.

The government doesn't deny the wretched recidivism rates resulting from the DOJ-BOP's abdication of it's responsibility to correct bad behavior. They don't deny that Stilley is both willing and able to assist prisoners in conforming their conduct to the requirements of orderly society. Rather, they simply behave in the manner of the "dog in the manger." They won't do the job despite shoveling vast sums of taxpayer money toward a pretense of it, and fiercely growl at Stilley when he proposes to let industrious inmates do their work for them.

Ordinarily I would send this document to someone else for "cleanup" but not this time. Stilley has no one available to do this task

Case 4:09-cr-00043-SPF   Document 454 Filed in USDC ND/OK on 04/18/11   Page 3 of 3

TRULINCS 10579062 - STILLEY, OSCAR AMOS - Unit: FOR-M-D
--------------------------------------------------------------------------------

by the deadline for filing. Since Stilley can't do better anyway, please compare the formatting of documents made when Stilley had access to a computer, to the wretched formatting of this document, over which Stilley has no control.

This Court at sentencing observed that the admissibility of hearsay at sentencing was not particularly logical, given the fact that sentencing is often the most important and hotly contested stage of a criminal proceeding.

Yet this Court denied Stilley's request for the transcript prior to sentencing. At Sentencing p. 381 the Court said "We're past that. Both sides have had ample opportunity to order a transcript." At page 385 Stilley reminded the court that he had filed a motion for a transcript at government expense and didn't get it. Thus the opportunity to order a transcript, without personal funds and without permission to get the transcript at public expense, was not meaningful. It was a right in theory only.

Furthermore, the practical effect of the Court's timing of the production of the transcript ensured that Stilley would have his computers, and would have the transcript, but would never have both at the same time. This had perhaps a greater adverse impact on Stilley's ability to protect his interests at sentencing than the relaxed rules for the admission of evidence.

At 442 of sentencing transcript the Court said it would not rule on computer access at that time. On page 467 the Court said "...I am fully cognizant of the fact that incarceration may well have some impact on your ability to proceed representing yourselves. To the extent that the Court can within the bounds of the law and common sense ameliorate that, then I will be happy to consider anything that the Court might properly address in that regard." It seems to Stilley that the DOJ-BOP should be deemed to have forfeited any right to argue that this request is not "within the bounds of the law" by their obstructionism and use of stall tactics to delay resolution of the administrative process.

The government scarcely seems willing to acknowledge the thrust of this motion. In May 2023, a return for 1990 would be based on events some 33 years past. Is it fair to cut off access to records for 13 years, and then demand a reconstruction of the economic picture of an individual, 3 decades after the fact? Does anyone think that relevant records, including computer records, will be intact despite the passage of that much time?

It is plain that O'Reilly is hostile to any plan that would allow Stilley or any other inmate access to a computer, that might be effectively used in defense of that inmate's constitutional rights. It is telling that this prison has internet access, WordPerfect, and various other programs. The prison has a computer lab with a number of computers. Inmates are simply forbidden, by a sign on the wall, to use those computers for "personal or legal" purposes. The prison's informal but de facto policies with respect to computer use serve no legitimate penological interest whatsoever. They only serve to impede and impair inmates in their efforts to secure their own legal rights, advance their own education, and otherwise engage in self-improvement.

Therefore Stilley most respectfully requests that this Court grant all the relief stated in the motion.

/s/ Oscar Stilley
Oscar Stilley 10579-062
FCC Forrest City Low
PO 9000-Low
Forrest City, AR 72336

CERTIFICATE OF SERVICE

I Oscar Stilley by my signature above state under penalty of perjury that I have mailed this pleading on this April 14, 2011 to the clerk with sufficient postage, and rely upon the clerk's CM/ECF to cause this document to be sent to all persons entitled to service of a copy of this pleading.