IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA                                                           PLAINTIFF

v.                                         Case No. 4:09-CR-043 SPF

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY                                                                 DEFENDANTS

### DEFENDANT OSCAR STILLEY'S VERIFIED MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 USC 3582(c)(1)

Comes now Defendant Oscar Stilley (Defendant Stilley) and for his verified motion for sentence reduction pursuant to 18 USC 3582(c)(1) and states:

1.      Defendant Stilley inquired of Jeffrey Gallant, Assistant US Attorney (AUSA) in the Northern District of Oklahoma (NDOK), to inquire whether or not the government opposes the relief sought herein, in conformity with LCrR47-4.  Mr. Gallant was not at liberty to state the government's position at the time.  Defendant Stilley on the morning of May 12, 2021 called Mr. O'Reilly at the number on the docket sheet, and left a message.  As of this filing Defendant Stilley has not received a return telephone call.  Thus Defendant Stilley does not know the government's position with respect to this motion or the relief sought.

### I.      DEFENDANT STILLEY HAS EXHAUSTED ADMINISTRATIVE REMEDIES

2.      Defendant Stilley has exhausted all administrative remedies required as a condition precedent for filing a motion pursuant to 18 USC 3582(c)(1)(A)(i).

3.      Specifically but without limitation, Defendant Stilley filed a BP8, Documentation of Informal Resolution, started 12-26-19 and completed 2-27-2020, a copy of which is attached hereto as Exhibit "1."

4. Defendant Stilley then filed a BP9, formal request to the warden, dated 11-22-2020, a copy of which is attached hereto as Exhibit "2."

5. Defendant Stilley also submitted one continuation page, a copy of which is attached hereto as Exhibit "3."

6. Under the DOJ-FBOP Program Statements, (PS) "Administrative Remedy Program" PS1330.18, (12) RESPONSE TIME 542.18, a warden ordinarily has 20 days to respond to a BP9.

7. Congress in the enactment of 18 USC 3582(c)(1) provided that the right to file a motion would accrue by reason of the inaction of a warden, upon the expiration of 30 days after submission of the formal request by way of BP9.

8. The responsible warden did not respond to the said BP9 within 30 days.

9. Therefore, Defendant Stilley has exhausted all administrative remedies required by the aforementioned 18 USC 3582(c)(1)(A)(i).

10. Furthermore, Defendant Stilley has exhausted all administrative remedies "available" to him, within the meaning of the law.

11. The DOJ-FBOP and its responsible personnel have committed grievous, systematic, persistent retaliation against Defendant Stilley, for the exercise of constitutionally protected 1st Amendment rights of peaceful petition, etc., to include efforts to exhaust administrative remedies.

12. The DOJ-FBOP has made a complete mockery of its duty to maintain honest and reliable records of administrative remedy filings and activities.

13. The DOJ-FBOP falsely and fraudulently claims that Defendant Stilley, despite his education and experience, and an enormous amount of effort and expense, has not exhausted a

solitary administrative remedy despite more than 50 attempts from his arrival at FCC Forrest City Low 6-11-10, until his departure from FCC Yazoo City Camp 9-2-2020.

14. Defendant Stilley hopes and trusts that it will not be necessary to litigate any such issues, in light of the Warden's failure to respond within the permitted time frame. However, Defendant Stilley reserves the right so to do, and vigorously, if Defendant Stilley's claim of exhaustion of available remedies is challenged.

## II.     FACTS SHOWING ENTITLEMENT TO RELIEF

15. There is no evidence in the record that Stilley knew about the plan to original plan to loan or gift $250,000 from Turner to Springer, until after all such funds had been disbursed from Defendant Stilley's account.

16. Stilley was in fact told and in fact believed that Turner's money was being wired for the purpose of retaining Stilley's legal services in a pending federal criminal tax investigation, and subsequent criminal proceedings if any.

17. Within scant days after receipt of the money from Pat Turner, Defendant Stilley was told that the criminal proceedings had been terminated, that the money had been loaned to Springer, and that Stilley should pay out the money pursuant to the directive of Springer.

18. Defendant Stilley, at all times relevant to this litigation, believed the representations made in the foregoing paragraph.

19. Defendant Stilley was bound by his oath as an attorney not to refuse the causes of Turner and Patterson, for reasons personal to himself.

20. Defendant Stilley was duty bound to pay over the money in his IOLTA account to the "person entitled" to the money. Thus Stilley cannot possibly be guilty of count 3 or 4.

21. Therefore, pursuant to the Court's jury instructions, Stilley could not possibly be guilty of Count 3 or 4.

22. Since Count 1 conspiracy hangs on the thread of counts 3 and 4, as to Defendant Stilley, he can't be guilty of Count 1 either.

23. The District Court sua sponte struck Defendant Stilley's consolidated motions for judgment as a matter of law (JAML) and new trial, despite stating the knowledge and belief, in other opinions and orders, that such a sua sponte motion violates due process.

24. The US Department of Justice (DOJ) has engaged in a systematic, years long scorched earth campaign against Defendant Stilley, starting no later than 2004 and continuing at least until Defendant Stilley's incarceration 4-23-2010, for the purpose and with the effect of ruining Defendant Stilley's ability to effectively defend criminal charges.

25. Only through these attacks on Defendant Stilley's economic foundation did Defendant Stilley find himself incapable of procuring all the transcripts in this case, at his own expense, in time to prepare a creditable appeal brief as to issues of liability, before being sent to prison.

26. The actions of the parties responsible for the incarceration of Defendant Stilley have effectively denied Defendant Stilley his right to one direct appeal, up until the present time.

27. Defendant Stilley has persisted with every reasonable effort to exhaust administrative remedies, and take every other necessary action, in order to vindicate his right to one direct criminal appeal, at the earliest practicable time.

28. Lindsey Kent Springer tendered to proper federal authorities, in good faith, prior to April 15, 2006, sufficient information from which the IRS could compute and assess a tax against Lindsey Kent Springer for the year 2005.

29. Said tender of information constituted a "tax return" within the meaning of applicable case law, including but not limited to the decision in this case.

30. Nevertheless the government did seize the books and records of by Lindsey Kent Springer, prior to April 15, 2006.

31. Therefore, the government did indeed procure information, both voluntarily and by distraint, which by operation of law constitutes a return, on the part of Springer, both from Springer's mouth and Springer's personal property, papers, and records.

32. The government presented not less than the following four theories of criminal liability against Defendant Stilley, none of which were consistent with the others.

33. A review of the record reveals that the purported indictment in this case was never returned in open court.

34. Defendant Stilley submits herewith a Timeline, attached hereto as Exhibit "4," for the convenience of the Court and the parties. Defendant Stilley includes links within his brief and sometimes also within linked documents, for the convenience of the Court and counsel.

35. Defendant Stilley in Dkt. 293, at page 18, was informed that his motion was "clearly argumentative" such that the District Court found the combined page count to exceed the limits of the local civil rules, and struck the motion as well as the supporting brief.

36. Defendant Stilley has earnestly endeavored to state facts in this pleading, and make his arguments in the brief. Defendant Stilley hopes that he has "chinned the bar," but if not would like to know that fact, and the underlying reasons. Defendant Stilley hopes and trusts that he will suffer no prejudice for setting forth many facts only within the brief proper.

37. Defendant Stilley has greatly reduced the number of facts alleged in this motion, on the

theory that they are stated and argued within the brief.

38. Defendant Stilley notes with satisfaction that the Court's requirements concerning brief length are now specified with commendable clarity in the local criminal rules, at LCrR47-5.

39. Defendant Stilley tenders herewith a brief in support. A proposed order will be submitted through proper channels.

WHEREFORE, Defendant Stilley respectfully requests that this Court enter judgment as a matter of law, striking the indictment and acquitting Defendant Stilley of all charges; alternatively for an amended order which includes no confinement or punishment whatsoever, in excess of that authorized by Congress in light of the law and facts as shown in this case; alternatively for a judgment and commitment order for incarceration not to exceed "time served;" at a proper time, for a final appealable order and/or judgment expressly acknowledging Defendant Stilley's right of appeal, to include any attack on the original or any subsequent judgment and commitment order, and upon any order whatsoever; and for such other, further, or different relief as may be appropriate, whether or not specifically requested.

## VERIFICATION

Defendant Oscar Stilley by his signature below pursuant to 28 USC 1746 declares under penalty of perjury that the foregoing facts are true and correct.

Respectfully submitted,

By: /s/ Oscar Stilley  May 12, 2021
Oscar Stilley
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 mobile
479.401.2615 fax
oscarstilley@gmail.com

## CERTIFICATE OF SERVICE

Defendant Stilley hereby certifies that on the date stated above he electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. Defendant Stilley is informed that Lindsey Springer is not enrolled in CM/ECF, a shortcoming that Defendant Stilley intends to remediate at his earliest convenience.