# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | Case No. 09-cr-0043-SPF |
| OSCAR AMOS STILLEY, | ) ) ) | |
| Defendant. | ) | |

### ORDER
**(on motion at doc. no. 694)**

Defendant Oscar Stilley, appearing pro se, moves for a sentence reduction under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), arguing that "extraordinary and compelling reasons" entitle him to relief. Doc. nos. 694 (motion), 695 (brief). The gist of the relief requested is an acquittal, or an amended sentence which includes no confinement, or an amended sentence which reduces Mr. Stilley's sentence to time served, or an order acknowledging Mr. Stilley's right to appeal including his right to attack the original judgment. Doc. no. 694, p. 6. The government has responded to Mr. Stilley's motion, objecting to relief. Doc. no. 698. A reply brief was filed. Doc. no. 699.

For the reasons stated below, the motion will be denied.

## Background

Mr. Stilley is serving a fifteen-year sentence imposed on April 28, 2010, following Mr. Stilley's convictions for conspiracy to defraud the United States and income tax evasion. Doc. no. 338.

Mr. Stilley and his co-defendant, Lindsey Springer, appealed their convictions and sentence, which the court of appeals affirmed in United States v. Springer, 444 Fed. Appx. 256 (10th Cir. 2011).

Although Mr. Springer sought relief under 28 U.S.C. § 2255, Mr. Stilley did not move to vacate or correct his sentence under § 2255.[1]

The government states that due to COVID-19, Mr. Stilley was placed on home confinement as of September 9, 2020.

## Discussion

The First Step Act, effective December 21, 2018, amended 18 U.S.C. § 3582(c) to authorize a defendant to move the sentencing court for a sentence reduction for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i); see, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, at 5239. Prior to the Act, only the Director of the Bureau of Prisons was authorized to bring such a motion. However, a defendant is only authorized to bring a motion for sentence reduction for "extraordinary and compelling reasons" after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id.

Mr. Stilley argues he exhausted his administrative remedies before filing his motion. Among the documents he attaches is a formal request to the warden dated March 11, 2020 (doc. no. 694-2), with a "continuation page" dated March 7, 2020 (doc. no. 694-3). Mr. Stilley states he received no response from the warden within thirty days, a contention the government does not dispute. The court finds the exhaustion requirement has been satisfied.

---

[1] The court declines to construe Mr. Stilley's motion for compassionate release as a §2255 motion.

2

Under the plain language of 18 U.S.C. §3582(c)(1)(A)(i), a district court may grant a motion for reduction of sentence, whether filed by the Director of the BOP or a defendant, only if three requirements are met: 1) the district court finds that extraordinary and compelling reasons warrant a reduction; 2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;[2] and 3) the district court considers the factors set forth in §3553(a), to the extent they are applicable. United States v. McGee, 992 F.3d 1035, 1042 (10th Cir. 2021). District courts may deny compassionate release motions when any of the three prerequisites are lacking, without addressing the others. *Id*. On the other hand, when a district court grants a motion for compassionate release, it must address all three steps. *Id*.

Here, the analysis is conclusive at the first step. Unlike almost every other First Step Act motion the undersigned has considered in the last two years, Mr. Stilley's motion says virtually nothing about any medical issue or COVID-19.[3] Instead, for "extraordinary and compelling" grounds which entitle him to a relief, Mr. Stilley relies on a multitude of challenges to his conviction and sentence. Mr. Stilley's challenges to his conviction and sentence do not constitute "extraordinary and compelling" grounds for relief because "[c]ompassionate release is a mechanism for inmates to seek a sentence reduction for compelling reasons, not for remedying potential errors in a conviction." United States v. Musgraves, 840 Fed. Appx. 11, 13 (7th Cir. 2021), unpublished.

---

[2] United States v. McGee held that the Sentencing Commission's most recent policy statement, which was issued before the First Step Act was enacted, is not applicable to sentence reduction motions filed by prisoners pursuant to the First Step Act. 992 F.3d at 1048.

[3] The only argument related to any medical matters is a statement in one of Mr. Stilley's submissions to the Bureau of Prisons, which indicates Mr. Stilley has been "denied meaningful dental care for 5 years." Doc. no. 694-3. Regardless, Mr. Stilley's reply brief clarifies that he is not seeking relief based on failure to provide dental care. Doc. no. 699, p. 1.

This principle has been stated in different ways by different courts. As stated in <u>United States v. May</u>, 2021 WL 1572655, *7 (E.D. Tex. Apr. 20, 2021) (unpublished) the "principle of finality forecloses May's current effort to circumvent the limitations on post-conviction relief by challenging sentencing determinations made at sentencing under the guise of a compassionate release motion." In <u>United States v. Ferguson</u>, 2021 WL 1701918, *4 (E.D. Va. Apr. 29, 2021), the court wrote: "It is settled that, if all judicial appeals have been properly exhausted through the criminal appeals process, the proper method for challenging a conviction or sentence is by filing a habeas corpus petition. That principle is not altered merely because a defendant has put all of those challenges in a pleading labeled as one for compassionate release for the label does not control. The defendant cannot proceed with a collateral attack on his sentence and thereby escape the time limitations and applicable rules for collateral attack on sentences." <u>Id</u>. at *4 (citations omitted).

Conclusion

Mr. Stilley's arguments challenge his conviction and sentence and thus do not constitute extraordinary and compelling reasons for a reduction of his sentence under §3582(c)(1)(A)(i). Moreover, the court cannot but note that nothing has transpired, and nothing has been presented to the court, which would soften the court's assessment of Mr. Stilley as articulated eleven years ago at sentencing (doc. no. 403):

> I have tried to find even a thin strand of truth or integrity to your conduct or your way of life. It is not there. Not even a speck. There is not even a plausible basis upon which you might have deluded yourself into thinking that you are anything but complete frauds and predators. Your scams have cheated the United States. And that is a serious matter in and of itself. But the United States can print money. If anyone ever had any lingering doubt as to whether you are frauds and predators, that doubt would be removed by the fact that the two of you have also merciless[ly] fleeced some very vulnerable people. You are predators, pure and simple.

5

After careful consideration, the motion (doc. no. 694) is **DENIED**.

IT IS SO ORDERED this 26th day of July, 2021.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p164.docx

5