IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA                                                                                      PLAINTIFF

v.                                            Case No. 4:09-CR-043

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY                                                                                          DEFENDANTS

DEFENDANT OSCAR STILLEY'S MOTION TO STAY PROCEEDINGS PENDING DISCLOSURE OF LINDSEY SPRINGER'S CONTACT INFORMATION, AND OPPORTUNITY TO WORK TOGETHER WITH SPRINGER AND ALLOW SPRINGER TO ADOPT STILLEY'S 2255 MOTION; AND ALSO FOR DETERMINATION OF WHO IS THE LAWFULLY AUTHORIZED JUDGE ON THIS CASE

Comes now Defendant Oscar Stilley (Stilley) and for his motion states:

1. The government refuses to disclose the contact information of Lindsey Springer, so as to allow Stilley to contact him, collaborate with him on pleadings, serve him with pleadings, or re-instate CM/ECF filing privileges as provided by prior order of the court.

2. The government pretends to serve Lindsey Springer with pleadings, at an address known to be a business address of Springer's captors and custodians the Department of Justice-Federal Bureau of Prisons (DOJ-FBOP).

3. Stilley has no reason to believe that papers "served" in this way aren't simply tossed in the garbage by DOJ-FBOP personnel.

4. It is irrational to believe that the DOJ-FBOP will responsibly, reliably, and timely serve Lindsey Springer with pleadings and papers from this litigation.

5. The DOJ-FBOP is a subsidiary of the very entity that has put Springer and Stilley in prison.

6. The "service" of papers on a party adverse to the interests of the person allegedly served,

does not comply with any rules related to service of pleadings and papers in federal litigation.

7. This District Court apparently was assigned to this case on the authority of an order called "Misc. #23."

8. Misc. #23 by its terms expired on the last day of 2009.

9. The District Court, in the person of Stephen P. Friot, was divested of jurisdiction by the appeals of the defendants.

10. On information and belief, neither "Misc. #23," nor any subsequent similar version of same, has been in effect since this District Court was divested of jurisdiction by the appeal of Lindsey Kent Springer.

11. Nobody has ever explained how Stephen P. Friot could be re-vested with jurisdiction, after the conclusion of the appeal and the mandate, without a current and valid authorization similar to that set forth in Misc. #23.

12. On information and belief, Stephen P. Friot was never given authorization to preside over this case after jurisdiction returned to the district court, after the mandate was sent to district court from the 10th Circuit Court Clerk.

13. On information and belief, Stephen P. Friot, as a judge of the Western District of Oklahoma but not of the Northern District of Oklahoma, does not have authorization to preside over this case, at the present time.

14. On information and belief, Stephen P. Friot hasn't had proper authorization to preside on this case after district court jurisdiction was divested by the filing of a notice of appeal.

15. On information and belief, no order or official document authorized Stephen P. Friot to perform any official act in this case after the Springer mandate was filed in this case 12/06/2011,

Dkt. 462.

16. Stilley has called the clerks of both the Northern District of Oklahoma, and the 10th Circuit, about these issues.

17. Neither Stilley nor the clerk's office personnel to whom Stilley spoke are able to find a successor version of Misc. #23, in the court clerk files.

18. Stilley is not able to find a successor version of Mis. #23 on the websites of the clerk's office of the Northern District of Oklahoma or the 10th Circuit.

19. Neither Stilley nor the clerk's office personnel to whom Stilley spoke are able to determine whether or not any official authority authorized the vesting of judicial authority in Stephen P. Friot, upon the filing of the mandates from the 10th Circuit Court.

20. Therefore it appears that there is a substantial question as to whether or not Stephen P. Friot is legally authorized to act in the captioned case, subsequent to the filing of the mandates from the 10th Circuit Court.

21. Some of the grounds for relief would be equally applicable to both Lindsey Springer and Oscar Stilley.

22. Judicial economy would be served by allowing Lindsey Springer to join in grounds that would be equally applicable to Springer.

23. Stilley believes that 30 days after getting the contact information on Lindsey Springer, and authorization to confer and collaborate without threat of retaliation, is sufficient to allow Stilley to effectively prosecute his claims under 28 USC 2255, in a manner conducive to judicial economy.

24. Therefore Stilley asks for a stay of proceedings, to extend for 30 days after the

government turns over the contact information of Lindsey Springer, with full authorization for Stilley and Springer to collaborate, without threat of retaliation.

25.     If this is not enough time Stilley reserves the right to ask for an extension of the stay.

WHEREFORE, Stilley respectfully requests an order that the government provide Stilley with contact information on Lindsey Springer, to include physical address, phone number, and email address; that the government refrain from retaliation for collaboration between Stilley and Springer; and for a stay of proceedings for 30 days from the day that such contact information is provided, to allow Stilley and Springer to collaborate with respect to the instant motion; and for a prompt and full rendition of all authorities, orders, or directives whatsoever, providing Stephen P. Friot legal authorization to preside over this case after the expiration date of Misc. #23, December 31, 2009, and furthermore after district court jurisdiction was divested by appeal; and for such other and further relief as may be appropriate whether or not specifically requested.

Respectfully submitted.


By: /s/ Oscar Stilley                    September 2, 2021
Oscar Stilley
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 mobile
479.401.2615 fax
oscarstilley@gmail.com

CERTIFICATE OF SERVICE

Defendant Stilley hereby certifies that on the date stated above he electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. Charles O'Reilly and his confederates continue on with their scheme to "hide out" Lindsey Kent Springer, and deny both of us the opportunity to work together toward common interests. This is the only reason that Springer is not being served with this pleading. Stilley vehemently objects to such lawlessness.