FILED
DEC 15 2025
Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES | PLAINTIFF/RESPONDENT |
| V. | Criminal Case No. 4:09-cr-43-2 SEH |
| | Civil case No. _____ |
| OSCAR STILLEY | DEFENDANT/PETITIONER |

### STILLEY'S VERIFIED MOTION FOR RELEASE PENDING 2255 PROCEEDINGS

Comes now Petitioner Oscar Stilley (Stilley) and for his verified motion for release pending 2255 proceedings states:

1. To the extent not forbidden by rule or law or Stilley's legitimate interests, Stilley incorporates all pleadings filed contemporaneously with this pleading, into this pleading. Additionally, Stilley would refer to docket numbers 836 and 837, upon which no substantive ruling has been entered, by any judge. This Court in the person of the Honorable Sara E. Hill declined to rule on #837 on grounds that jurisdiction had been transferred to the court of appeals by Stilley's notice of appeal.

2. The motion for recusal is moot since District Judge Stephen P. Friot is no longer assigned to this case. However, the facts and arguments for recusal are highly relevant to this motion.

3. Stilley's motion for release pending appeal has not at any time been considered and decided by a lawful, competent, and disinterested tribunal. Of course, the one direct criminal appeal is now concluded.

4. Stilley was by constitutional due process entitled to consideration of his motion for release pending appeal by a lawful, competent, and disinterested tribunal.

5. Stilley is serving a 2 year sentence on revocation of supervised release.

6. As of this filing, Stilley has not had the question of release pending his one direct criminal appeal determined by any impartial and disinterested tribunal.

7. Stilley at the 10th Circuit in his one direct appeal asked for recusal of judges not willing to proceed on a true and correct record. *US v. Stilley*, 10th Cir. 24-5133 Dkt. 73. This motion was denied. *Id.* Dkt. 80.

8. Stilley's petition under 28 USC 2255 has undeniable legal merit, sufficient to require that all criminal judgments against Stilley be vacated, and require Stilley to be freed from incarceration and any criminal taint whatsoever.

9. Stilley's current "Good Conduct Time" (GCT) release date is 7-23-2026.

10. Stilley is highly unlikely to be able to fully and fairly litigate his 28 USC 2255 claims prior to his GCT release date.

11. It would be the height of unfairness to compel Stilley to suffer more criminal punishment whatsoever, when it is indisputable that Stilley is entitled to a judgment of complete exoneration, restoration of his good name, etc.

12. Stilley's captors have been feloniously obstructing, preventing, delaying, etc., Stilley's lawful access to evidence and records, in violation of 18 USC 1512 through 1515, et al. See e.g. 10th Cir. 24-5133 Dkt. 79, esp. pages 13-15.

13. Release pending appeal is indispensable to stopping or at least limiting the government's invidious obstruction of Stilley's access to evidence and records.

14. Stilley's paperwork for halfway house arrived at the appropriate Residential Reentry Manager on September 18, 2025.

15. This application was according to Ms. Ellis, Stilley's Case Manager, denied as of 11-20-2025. Ms. Ellis says she knows the reason but can't tell Stilley what it is.

16. It is a near certainty that the reason is a desire on the part of Stilley's prosecutors and persecutors, to prevent him from having reasonable access to the wherewithal to prepare proper and professional legal pleadings.

17. Since no lawful or legitimate reason for denial of immediate halfway house exists, the persons effectuating this denial refuse to say anything at all.

18. Stilley on 4-29-2025 was told by Associate Warden (AW) Mr. Turner, that he had an entitlement to a computer with Microsoft Word, a printer, etc., necessary to prepare proper pleadings. However, AW Turner denied that Stilley had a right to access to the wherewithal to file electronically.

19. Stilley has been denied the fruits of his successful administrative remedy, despite repeated polite request.

20. The relief sought herein is indispensable to constitutional due process for Stilley.

21. Stilley submits herewith a consolidated brief in support of his motion for disqualification of attorneys, as well as his motion for release pending 2255 proceedings.

22. Stilley hereby gives his solemn word of honor that if he loses his petition under 28 USC 2255, he will voluntarily appear at such facility as the Court my direct, within the time allowed, to serve the remainder of his sentence. WHEREFORE, Stilley requests an order granting release pending a final decision on his motion for relief under 28 USC 2255, and all appeals therefrom, if any; and such other and further relief as may be appropriate whether or not specifically requested.

## VERIFICATION

Petitioner by his signature below pursuant to 28 USC 1746 declares under penalty of perjury that the foregoing facts are true and correct.

Respectfully submitted this 4th day of December, 2025.

By: /s/ Oscar Stilley
OSCAR STILLEY, DOJ-FBOP #10579-062
FCC YAZOO CITY CAMP
PO BOX 5000
YAZOO CITY, MS 39194

## PRISON MAILBOX RULE CERTIFICATE OF SERVICE

By my signature above I declare under penalty of perjury pursuant to 28 USC 1746 that I placed a copy of this pleading in the prison outgoing mail, with sufficient US First Class postage attached, on the date stated above, addressed to the Clerk of this Court for filing and service on all parties entitled to service via CM/ECF. The prison at which Stilley is confined does not have a legal mail system. Stilley claims the benefit of the prison mailbox rule.

10579-062
Oscar Stilley
FCC Yazoo City Camp
Federal Correctional Complex
PO Box 5000
Yazoo CITY, MS 39194
United States

Legal Mail

10579-062
Phil Lombardi
333 W 4TH ST
Room 411
Tulsa, OK 74103
United States

Clerk, US District Court

RECEIVED
DEC 15 2025
Heidi D. Campbell, Clerk
U.S. DISTRICT COURT



postmark 12/8/25
9-CR-43-SEH-2



FEDERAL CORRECTIONAL COMPLEX
P.O. BOX 5000
YAZOO CITY, MS 39194

THE ENCLOSED LETTER WAS PROCESSED ON 12.5.25 THROUGH SPECIAL MAILING PROCEDURES.

The letter has neither been opened or inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another address, please return the enclosure to the above address.

Legal Mail