FILED
FEB 24 2026
Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES      PLAINTIFF/RESPONDENT

V.     Criminal Case No. 4:09-cr-43-2 SEH
Civil case No. 4:25-cv-00673

OSCAR STILLEY      DEFENDANT/PETITIONER

### PETITIONER STILLEY'S VERIFIED MOTION TO COMPEL THE GOVERNMENT TO ACCEPT DONATIONS NECESSARY FOR DUE PROCESS, AND ACCESS TO INTERNET SERVICE FOR LEGAL PURPOSES

Comes now Petitioner Oscar Stilley (Stilley) and for his verified motion to compel the government to accept donations for due process, etc., and states:

1. Stilley appealed his most recent a revocation criminal judgment, 10th Circuit 24-5133.

2. In that appeal, Stilley on March 31, 2025 filed a "Motion to Compel Acceptance of Donations Needed for Due Process, and Access to Email Service." 10th Cir. 24-5133 Dkt. 42.

3. The government didn't respond in opposition to the motion. That much is evident from the docket of 10th Cir. 24-5133. Thus that motion was defaulted.

4. The government is barred from challenging Stilley's right to the relief sought in that motion, based on waiver, estoppel, laches, unclean hands, and other doctrines.

5. The 10th Circuit panel denied the motion without explanation or reasoning on 9-24-2025. Dkt. 80.

6. To the extent not barred by law or rule, Stilley incorporates that motion and supporting brief herein as if set forth word for word.

7. Stilley is currently incarcerated at FCC Yazoo City Camp, a Department of Justice-Federal Bureau of Prisons (DOJ-FBOP) facility, and has been at said prison camp since 4-24-2025.

8. On 4-29-2025 Stilley was told by AW (Associate Warden) Mr. Turner that he would be allowed access to a computer with Word, and a printer, so that he could draft documents, save them on a thumb drive or otherwise, and send written pleadings to the court of appeals for filing. However, AW Turner did not agree with Stilley's request for access to internet service.

9. As to all matters with respect to which Stilley received a favorable decision from AW Turner, Stilley prevailed on his administrative remedy request.

10. A favorable administrative decision is not appealable.

11. Despite repeated polite request, Stilley has not been granted lawful access to a computer as described above.

12. Stilley would gladly donate sufficient computers, a printer, supplies, support, software, internet service, legal research service, and other things whether tangible or intangible, reasonably necessary to allow Stilley and other inmates at his place of confinement to prepare competent pleadings for filing, provided of course that such resources would be available to the inmates at all reasonable hours on any and all days of the week.

13. Stilley hereby offers to make such donations if given the opportunity, and requests that this Court order that the US Department of Justice, (DOJ) and any and all subsidiaries or contractors, to agree to accept, and actually accept, such donations from Stilley and/or the inmates their supporters, without delay.

14. On information and belief, Stilley has exhausted all administrative remedies "available" to him, within the meaning of the law. Stilley will refrain from further elucidation on this subject absent a challenge from the government, with respect to exhaustion.

15. Stilley at his revocation hearing 11-13-2024 asked for stay or self-surrender, but was denied either relief, by Judge Stephen P. Friot.

16. Stilley proved in Docket #837[1] that Judge Friot was not a lawful judge to consider Stilley's request for stay or self-surrender.

17. Judge Friot removed himself from the case some two days later, without acknowledging the motion or admitting that Stilley had additional *process due* prior to being incarcerated.

18. Stilley was sent to Tulsa County Jail on 11-13-2024.

19. Approximately two days later Stilley was sent to Cimarron Correctional Facility in Cushing, Oklahoma.

20. From there Stilley was sent to Greene County Jail in Springfield, Missouri, for about 3 weeks.

---

[1] Or thereabouts. If this citation is off, the correct docket item is nearby.

3

21. Greene County Jail's administration is so hostile to due process that plain copy paper is treated as contraband.

22. At Greene County Jail Stilley was soon sent to solitary confinement.

23. Stilley remained in that solitary confinement until after close of business on the first deadline for Stilley's opening brief in 10th Cir. 24-5133.

24. All of Stilley's legal papers were missing when Stilley returned to Cimarron Correctional Facility.

25. On information and belief these papers were stolen, to hinder Stilley's defense of criminal proceedings.

26. Stilley was barred from the Cimarron Law Library for two weeks, based on the most lawless and specious reasons.

27. Thereafter Stilley was permanently barred from the law library, despite his pending direct criminal appeal and pro se status.

28. No reason was given for the permanent denial of access to the law library.

29. The management of Cimarron Correctional Facility engaged in myriad efforts to degrade the litigation capacity of inmates in Cimarron's custody.

30. For example, Cimarron inmates were given less than half the law library computer time than they had in the recent past been allowed.

31. Cimarron inmates had the right to send and receive electronic files for legal purposes.

32. Some inmates were allowed to utilize this right with some degree of efficiency.

33. Stilley was denied access to this resource altogether.

34. It would unduly lengthen this pleading to lay out the main tactics Cimarron used to degrade inmate law library resources. Interference with the mail was ubiquitous, as was unlawful interference with alternative means of transmitting pleadings. Virtually every inmate effort at legal work was delayed, discouraged, and obstructed by Cimarron personnel. Suffice it to say that Cimarron personnel did virtually everything imaginable, to damage the inmates' ability to prepare competent pleadings and expeditiously transmit them to the proper courts.

35. From Cimarron Stilley was sent to Tallahatchie County Correctional Facility, (Tallahatchie) another facility that holds inmates based on contracts with the US DOJ.

36. Tallahatchie had a Microsoft Word class, which Stilley tried to enter, but was not allowed to enter.

37. Tallahatchie had a "law library" with computers.

38. Tallahatchie had a computer in Stilley's housing unit, but it didn't have a printer attached.

39. Stilley used that computer to draft pleadings, then used the telephone to dictate the pleadings to a friend so the text could be used for criminal pleading purposes.

40. On information and belief, denial of entry into Tallahatchie's Microsoft Word class was done at the behest of US DOJ personnel because they (quite correctly)

believed Stilley would use such resources to further his own constitutional due process rights as well as the due process rights of inmates similarly situated.

41. On information and belief, the US DOJ tells the officials of its contract detention facilities to deny reasonable access to evidence, court records, transcripts, and other things indispensable to the timely preparation of creditable pleadings.

42. Stilley while in Cimarron and Tallahatchie was in US Marshal Service custody, and is now in the custody of the DOJ-FBOP.

43. Both the US Marshal Service and the DOJ-FBOP are subsidiaries of the US DOJ.

44. The US DOJ for all practical purposes has total control over inmates whether they are in the custody of the US Marshal Service, the DOJ-FBOP, contract detention facilities, or some combination thereof.

45. The US DOJ maliciously uses its power over conditions of confinement to deliberately cheat inmates out of due process.

46. Stilley is currently denied access to the law of the State of Arkansas.

47. The law of the State of Arkansas is available online, for persons with computer and internet access, and access to a suitable legal research subscription.

48. Stilley would have access to a suitable legal research program that includes Arkansas cases, statutes, and other authorities, but for the obstruction of the DOJ and in particular its subsidiary the DOJ-FBOP.

49. Stilley has the right to file pleadings in Arkansas state courts that would indisputably establish the fact that he has not been validly convicted of a crime in this court.

50. Stilley has electronic filing privileges in Arkansas state courts, that would allow him to file and prosecute a state court proceeding that would indisputably establish his innocence, from a suitably equipped computer with internet access.

51. A pilot program for Inmate Electronic Filing of pleadings was started over 10 years ago.

52. The DOJ-FBOP resists this program for various reasons, amongst other reasons because it presumes inmate access to computers and internet access, because it tends to interfere with the US DOJ's pattern and practice of obstruction of justice, because it renders various US DOJ theft rackets more vulnerable to exposure, and for other dishonest and corrupt reasons.

WHEREFORE, Stilley requests an order commanding the DOJ to immediately authorize and actually accept the donation of sufficient computers, printers, supplies, support, software, internet service, legal research service, and other things whether tangible or intangible, reasonably necessary to allow Stilley and other inmates at all facilities over which the DOJ exercises substantial control to fully and fairly exercise their US Constitutional due process rights; ensuring that such equipment shall be available to the inmates at all reasonable hours of every day

including weekends, on fair and reasonable terms; and granting such other and further relief as may be appropriate whether or not specifically requested.

## VERIFICATION

Petitioner by his signature below pursuant to 28 USC 1746 declares under penalty of perjury that the foregoing facts are true and correct.

Respectfully submitted this 18 day of February, 2026.

By: /s/ Oscar Stilley
OSCAR STILLEY, DOJ-FBOP #10579-062
FCC YAZOO CITY CAMP
PO BOX 5000
YAZOO CITY, MS 39194

## PRISON MAILBOX RULE CERTIFICATE OF SERVICE

By my signature above I declare under penalty of perjury pursuant to 28 USC 1746 that I placed a copy of this pleading in the prison outgoing mail, with sufficient US First Class postage attached, on the date stated above, addressed to the Clerk of this Court for filing and service on all parties entitled to service via CM/ECF. The prison at which Stilley is confined does not have a legal mail system. Stilley claims the benefit of the prison mailbox rule.

**Sender:**
10579-062
Oscar Stilley
FCC Yazoo City Camp
Federal Correctional Complex
PO Box 5000
Yazoo CITY, MS 39194
United States

Tracking barcode: 7016 1370 0001 2137 7343

**Recipient:**
10579-062
Heidi Campbell
US District Court Clerk
333 W 4TH ST
Room 411
Tulsa, OK 74103
United States

Handwritten: Postmark Unknown 9-cr-43-SEH-2

RECEIVED FEB 24 2026
Heidi D. Campbell, Clerk
U.S. DISTRICT COURT