IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES                                                    PLAINTIFF/RESPONDENT

V. Criminal Case No. 4:09-cr-43-2 SEH
Civil case No. 4:25-cv-00673

OSCAR STILLEY                                                    DEFENDANT/PETITIONER

**PETITIONER'S VERIFIED MOTION FOR PROTECTION AGAINST
DENIAL OF ACCESS TO SALT DURING HUNGER STRIKE**

Comes now Petitioner Oscar Stilley (Stilley) and for his verified motion states:

1.   Stilley has earned "time credits" under the First Step Act of 2018 (FSA). Stilley in a prior pleading attached documentation showing that the Department of Justice-Federal Bureau of Prisons (DOJ-FBOP) calculated that Stilley had EARNED FSA time credits sufficient to ENTITLE him to home confinement to start 3-10-2026.

2.   On 2-11-2026 Stilley's case manager Ms. Ellis told Stilley not to expect release prior to his Good Conduct Time (GCT) date of 7-23-2026.

3.   Stilley has been given conflicting stories, but does not expect to get the reduced security confinement that he EARNED by working for UNICOR, a federal prison industry.

4.   Stilley does not expect to get to home confinement without a hunger strike.

5.   Therefore, Stilley plans a hunger strike, to commence at the time of his own choosing, but not prior to 3-10-2026.

6.    Stilley is NOT suicidal, and does not intend to cause his own death or disability, or any unnecessary risk of it.

7.    Stilley while on the way to his current place of confinement was housed for a time in Green County Jail, in Springfield, Missouri. While at that facility he engaged in hunger strike activity.

8.    Green County Jail authorities denied him access to salt, and made light of his requests for it.

9.    Adequate salt levels are indispensable to the maintenance of adequate levels of hydration. Denial of salt can cause death or serious disability, which may be permanent.

10.    During past hunger strikes, Stilley had his cell ransacked by guards looking for NOTHING BUT salt, to confiscate. He has also seen guards take tear the salt and pepper packs apart, then put the pepper back on the tray, stealing his salt.

11.    In the past DOJ-FBOP medical personnel have defended Stilley's access to salt. They have ordered the security personnel to offer Stilley an unaltered tray and allow Stilley to take anything he wants off of it.

12.    At the current time, salt is not included with trays in SHU (Special Housing Unit, or jail for the prison). See Program Statement 4700.07 Food Service Manual, (dated April 8, 2024) summary of changes and Chapter 2, paragraph 6, stating that salt packets are not to be made available.

13.    Furthermore, SHU inmates at this prison are not allowed to purchase salt on commissary, or to bring salt with them from their housing units.

14.    On information and belief, the main purpose for this policy change was to give hunger strikers the Hobson's choice of jeopardizing their life and health, or ceasing their hunger strike.

15.   Stilley has inquired of DOJ-FBOP personnel he believes to represent his best hope of assured free choice salt, but received no such assurances.

16.   Stilley has a shaker of commissary salt, which would be perfectly satisfactory if he was allowed to take it to SHU or other segregated housing, on commencement of hunger strike.

**WHEREFORE**, Stilley requests that this Court order that Stilley not be deprived of free choice access to salt while in SHU or other solitary confinement, on hunger strike or otherwise; and such other and further relief as may be appropriate, whether or not specifically requested.

## VERIFICATION

Petitioner by his signature below pursuant to 28 U.S.C. § 1746 declares under penalty of perjury that the foregoing facts are true and correct.

Respectfully submitted this 9th day of March, 2026.

By: /s/ Oscar Stilley
OSCAR STILLEY, DOJ-FBOP #10579-062
FCC YAZOO CITY CAMP
PO BOX 5000
YAZOO CITY, MS 39194

**BRIEF IN SUPPORT OF MOTION**

Stilley pursuant to the prison mailbox rule filed a petition under 28 U.S.C. § 2255 on 12-5-2025, (Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998) (prison mailbox rule filing and mailing date are the same)) which was entered 12-15-2025. The Court entered an Order the same day, saying the government did not have to respond unless and until a further order of the Court.

The Court has entered no further order about anything, not even the motion for scheduling order.

Stilley has worked for UNICOR, sufficient to EARN enough "time credits" to ENTITLE him to home confinement commencing 3-10-2026. That is pursuant to the calculations of his case manager. See Exhibit 1 to Dkt. 854. Stilley explained that pursuant to the Second Chance Act (SCA) and FCA in combination, he should have been in halfway house July 23, 2025, and in home confinement by January 12, 2026 (or in late December, 2025, depending on which DOJ-FBOP time calculation is credited).

It has been more than 3 months since Stilley filed his 2255 and various motions, including a motion for scheduling order. Stilley filed another slug of pleadings 2-18-2026, with entries thereof made 2-24-2026. All of the pleadings filed in the 2255 petition thus far originally did not show up on PACER or Recapthelaw. After Stilley made inquiry of the clerk's office, the titles do show up, albeit without some of the data ordinarily included in a PACER entry.

All but one of the most recent slug of pleadings either recited the title verbatim, or had a fair and reasonable summary thereof, so the public could understand the nature of the filing. The exception, Docket 854, was entitled "Stilley's Motion for "Prompt" Conduct of Litigation, and Determination of the Meaning of the Word." The title attached by the clerk's office was "Motion

for Conduct of Litigation." The key word "prompt" was omitted–even though Stilley's title had the word "prompt" in quotation marks. Everybody knows the core issue and where the ball's at. Justice delayed is justice denied. Stilley's adversaries want Stilley's TIME.

Stilley has pursued all reasonable efforts for a legal or administrative remedy sufficient to enforce this part of his agreed-upon and Congressionally mandated compensation for his diligent and skillful labor. He continues to seek a prompt and just administrative remedy. He just does not believe it will be forthcoming, without extraordinary measures on the part of Stilley.

Hunger striking is 1st Amendment protected expressive activity. _FTC v. Super. Ct. Trial Lawyers Ass'n_, 493 US 411, 450-451 (concur in part, dissent in part by Brennan and Marshall); _Cohen v. California_, 403 US 15, 26 (1971). Expressive conduct such as hunger strikes is irreplaceable as a means of communication because such is essential to the "poorly financed causes of little people." _Martin v. Struthers_, 319 US 141, 146 (1943).

Stilley wrote extensively about the importance of hydration in his book "Hunger Striker's Guide to Juice Fasting," available on Amazon for $29.95. Salt is indispensable to adequate hydration, and there is little room for error. The "reference range" for blood sodium is 136-145. That is a remarkably narrow window, which Stilley will exit in short order if denied access to salt.

Despots around the world hate and fear hunger strikes precisely because they are one of the most effective ways of communicating strongly held feelings. Fidel Castro once killed a hunger striker by the brute force method of denying him water altogether. Stilley has had his water LIMITED one time only, during a hunger strike. Death by dehydration is death by torture. It is truly a horrible way to die.

When a human is denied salt, the kidneys filter out additional water in order to maintain an acceptable concentration of sodium and chloride. That is dehydration, and it will continue and become more severe as long as the body continues to be denied salt. Stilley has been there and done that. He knows what it feels like. Salt deprivation starts as discomfort, proceeds to torment, then to torture, and finally to an agonizing death.

Americans don't do that, do they? Look at the case of Larry Eugene Price, Jr. The story is available online. He was tortured to death, in the Sebastian County Jail in Fort Smith, Arkansas. Sure, he left the jail still breathing. His blood sodium levels had been so severely destabilized that the finest medical personnel at Mercy Medical Center in Fort Smith, Arkansas could not save his life. He was tortured to death BY NO ONE IN PARTICULAR.

Prison and jail administrators have learned that salt deprivation performs the dual role of tormenting people they do not like, and squelching one of the most effective 1st Amendment protected activities available to "little people." They do not HONESTLY think it is legal, moral, or ethical. They just think it will be effective, and that forgiveness is easier to get than permission.

The DOJ-FBOP changed the rules less than 2 years ago, on April 4, 2024, to provide that inmates do not get salt packets on their meal trays. However, beef cows still get salt and other necessary minerals. See PS FARM MANUAL, 8130.02, Ch. 11 "Beef Cattle Operations" C. Feeding Beef Cattle. It says "Salt and other needed minerals must be available when needed."

Stilley should be placed under medical observation in a medical cell, as opposed to Administrative Segregation in SHU. The only lawful reason for putting a hunger striker in tight custody is to monitor intake (fluids, food, etc) and medical parameters, so as to protect the

6

custodian's interest in preventing death or serious bodily injury. Stilley has the same interests, and cheerfully cooperates with medical personnel to vindicate them.

The DOJ-FBOP by policy takes blood for lab tests on a weekly basis. They will see declines in blood sodium. They will see if sodium levels depart the reference range. Stilley just is not convinced the medical personnel will have the power to do what their Hippocratic oath demands–to ensure that Stilley is not denied the salt he needs to maintain satisfactory hydration.

The DOJ-FBOP has official policy statements called "Program Statements" (PS) that would protect him, if the administration of this prison followed them. For example, PS 5270.12 SPECIAL HOUSING UNITS, subsection (h)(a)(2) has a list of things that inmates in Administrative Segregation are allowed, including a bible, up to five books, legal material, magazines, personal hygiene, powdered soft drinks, a radio, etc. Other inmates who have recently been to SHU in Administrative Detention tell him that most of these items are not allowed–whether from the inmate's property or from commissary. Salt is not passed out, with food trays or otherwise, and salt cannot be purchased on SHU commissary.

Please keep three things in mind:

First, if this prison administration provided Stilley with credible assurances that he would have an accommodation SPECIFICALLY SPELLED OUT FOR THE DOJ-FBOP'S PRECIOUS BEEF COWS, this Court would not be reading this pleading.

Second, if any of Stilley's remedies actually worked, Stilley would have already had the benefit of his bargain–home confinement–for some two months. Stilley is not accustomed to allowing employers to steal his labor without consequences.

Third, this pleading will hit the screens of opposing counsel within 2 minutes of this filing. If they want to formally assure the Court that they would never intentionally destabilize the medical condition of a hunger striker, and that they thus do not oppose the relief sought, this Court's role will be noncontroversial, little more than clerical in nature.

## CONCLUSION

This Court should order that Stilley shall not be deprived of free choice salt during any hunger strike or other placement in administrative detention, sufficient to maintain his blood sodium and chloride levels at or near clinically ideal levels.

Respectfully submitted this 9th day of March, 2026.

By: /s/ Oscar Stilley
OSCAR STILLEY, DOJ-FBOP #10579-062
FCC YAZOO CITY CAMP
PO BOX 5000
YAZOO CITY, MS 39194

## CERTIFICATE OF SERVICE

Defendant Stilley hereby certifies that on the date stated above he electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, thereby serving all persons having ECF privileges and entitled to service in this case.