## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES

PLAINTIFF/RESPONDENT

V.

Criminal Case No. 4:09-cr-43-2 SEH
Civil case No. 4:25-cv-00673

OSCAR STILLEY

DEFENDANT/PETITIONER

## MOTION/REQUEST FOR JUDICIAL NOTICE OF GRANT OF CERTIORARI BEARING UPON STILLEY'S VARIOUS MOTIONS FOR RELEASE PENDING A DECISION ON THE MERITS

Comes now Petitioner Oscar Stilley (Stilley) under Fed. R. Evid. 201, and for his motion for judicial notice of a recent US Supreme Court grant of certiorari[1], relevant to Stilley's motion for release pending a decision on the merits, and states:

1.    The US Supreme Court on June 1, 2026 granted certiorari on a case relied upon to deny Stilley's 2241 petition for enforcement of First Step Act Time credits.

2.    Stilley herewith supplies an included brief, explaining the significance of this action.

**WHEREFORE**, Stilley requests that the Court take judicial notice of this action, in considering and ruling upon Stilley's various motions for release pending a decision on his current litigation; and grant such other and further relief as may be appropriate whether or not specifically requested.

---

[1] Maxwell v. Thomas, 133 F.4th 453 (5th Cir. 2025), on 6-1-2026, in US Supreme Court case number 25-5930

1

Respectfully submitted this 9th day of June, 2026.

By: /s/ Oscar Stilley
OSCAR STILLEY, DOJ-FBOP #10579-062

## MEMORANDUM BRIEF IN SUPPORT

1) Stilley recently received notice that the US Supreme Court has granted certiorari in the case of Maxwell v. Thomas, 133 F.4th 453 (5th Cir. 2025), on 6-1-2026, in US Supreme Court case number 25-5930. The sole question upon which certiorari was granted is as follows:

> Whether a claim regarding application of time credits under the First Step Act of 2018, 132 Stat. 5195-5208, (codified in relevant part at 18 USC 3631-3635), seeking accelerated transfer to a halfway house or home confinement, can be brought in a habeas petition under 28 USC 2241.

2) Habeas corpus is in the nature of a declaratory action, involving the right to liberty, the orders of which custodians are duty-bound to respect.

3) It appears that the 5th Circuit's "rule" in Maxwell v. Thomas is contrary to both US Supreme Court precedent and nine other circuits -- not to mention the 5th Circuit's own case law.

4) Stilley has repeatedly requested assurances from this august tribunal, to the effect that his cause will be heard in a "meaningful time and meaningful manner," same being the fundamental essence of due process. Habeas is not a vehicle for the recovery of money damages. It is a vehicle for vindication of the right to liberty.

5) How pray tell is the judicial consideration "prompt" within the meaning of the rules, when the proceedings are on track to ensure that the petitioner gets EXACTLY NOTHING of that for which habeas is SPECIFICALLY TAILORED?

6) Without in any way deprecating Stilley's claim to habeas relief even if he is denied any rulings until after his release, it is exceedingly difficult to discern any possible way that a delay of some seven months without so much as ORDERING A RESPONSE TO ANYTHING comports with due process.

7) Stilley filed a consolidated brief in support of motions filed in both this court and in the Southern District of Mississippi (MSSD) action filed pursuant to 28 USC 2241. Dkt. 862. The MSSD case is Stilley v. Keyes et al, MSSD 3:26-cv-145-HTW-LGI. Stilley's 2241 claim for home confinement was defeated SOLELY by the refusal to consider his habeas petition on the merits, citing specifically to Maxwell v. Thomas, for the proposition that attempts to enforce FSA time credits are not cognizable in habeas.

8) In other words, if Stilley gets past the technical jurisdictional challenge, he has a lead-pipe cinch winner. His custodians admit that he is entitled to home confinement. He now pleads from prison SOLELY because his political enemies have lawlessly stomped out his rights under the First Step Act of 2018 (FSA). Prison authorities refuse to identify who made the decision to violate the law, to deny Stilley home confinement.

9) Stilley concedes that Maxwell v. Thomas won't be decided in time to get him out of custody sooner than his Good Conduct Time (GCT) release date.  However, Stilley has in prior pleadings explained that there is in fact another "remedy," outside the normal statutory framework, known as "hunger strike."

3

10) Stilley refused all three meals on Sunday, 6-7-2026, but did not formally declare a hunger strike. He has no plans to declare a hunger strike prior to giving interested parties notice of important facts, and opportunity to conform their conduct to the law. However, Stilley has no intention to eat any more food at this prison for any reason except to effectuate his immediate release, whether to home confinement or to full release pending a decision pursuant to his habeas litigation.

11) Why? To give his officialdom a fair chance to decide whether they want to discharge an emaciated prisoner after 46 days of hunger strike, for persistently standing on his right to peacefully petition for the redress of grievances. Pursuant to applicable DOJ-FBOP Program Statements, the refusal of nine consecutive meals is a DE FACTO hunger strike. Prison authorities know about Stilley's refusal to eat, based on his written and oral communications with them. Stilley has already sent electronic messages to Health Services, Camp Administrator Ms. Phillips, and the Warden. On Monday, June 8, Stilley offered hard copy to responsible prison authorities at the Camp Message Center (front office).

12) Part of the reason for this pleading is to absolutely annihilate any plausible claim that Stilley is LAWFULLY incarcerated in this prison. Assuming Stilley's conviction was legitimate (which it most certainly is not) he was entitled to home confinement VIA FSA TIME CREDITS ALONE, on 3-10-2026. Stilley in his consolidated brief, Docket 862, absolutely laid waste to the legal foundations of Maxwell v. Thomas.

13) Is this approach too extreme? On April 15, 1990, Stilley took the oath of Arkansas attorneys at law. Part of that oath requires Stilley not to refuse the cause of the oppressed, for considerations personal to himself.

14) Stilley has been relieved of his law license, but who told him that he is now free to ignore the plight of the oppressed? The DOJ-FBOP routinely stiff-arms inmates, dodges binding opinions from appellate courts, and otherwise obstructs justice on an industrial scale. The point is to cheat those who lack the necessary talent, resources, and persistence out of days of their lives. Human liberty has been reduced to a mere economic matter, with incarceration treated as an industrial good, to be maximized in pursuit of filthy lucre.

15) On every business day between now and July 23, 2026, this Court will have yet another chance to inform Oscar Amos Stilley whether he has ANY REMEDY OTHER THAN hunger strike.

It may well be that the unspoken issues in this case will have more profound influence than all the specifically raised and argued issues put together.

Respectfully submitted this 9th day of June, 2026.

By: /s/ Oscar Stilley
OSCAR STILLEY, DOJ-FBOP #10579-062
FCC YAZOO CITY CAMP
PO BOX 5000
YAZOO CITY, MS 39194

## CERTIFICATE OF SERVICE

Defendant Stilley hereby certifies that on the date stated above he electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system, thereby serving all persons

having ECF privileges and entitled to service in this case.

By: /s/ Oscar Stilley
OSCAR STILLEY, DOJ-FBOP #10579-062
FCC YAZOO CITY CAMP
PO BOX 5000
YAZOO CITY, MS 39194