**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **Plaintiff,** | |
| **v.** | **Case No. 09-CR-00043-SEH-2** |
| **OSCAR AMOS STILLEY,** | |
| **Defendant.** | |

## OPINION AND ORDER

Before the Court is Defendant Oscar Amos Stilley's Verified Provisional

Petition Pursuant to 28 USC 2255, to Vacate All Criminal Judgments

Against Him. [ECF No. 846]. For the reasons set forth below, Defendant's

motion is dismissed.

## I. Background

Stilley was charged in 2009 with committing various tax crimes. [ECF No.

2]. He was convicted by a jury on all counts, [ECF No. 245 at 3], and he was

sentenced to 180 months imprisonment, to be followed by 3 years of

supervised release. [ECF No. 338]. Stilley appealed his conviction and

sentence, and the Tenth Circuit affirmed, [ECF Nos. 460, 463]. Almost ten

years later, Stilley filed a motion for relief under 28 U.S.C. § 2255 to correct

or set aside his sentence. [ECF No. 701] (the "First Underlying Conviction

2255 Motion"). The Court dismissed Stilley's First Underlying Conviction 2255 Motion, [ECF No. 719], he appealed that decision, and the Tenth Circuit denied Stilley a certificate of appealability and dismissed the appeal, [ECF No. 732]. After making additional filings set out in more detail below, Stilley filed another motion under 28 U.S.C. § 2255 attacking his underlying conviction and sentence. [ECF No. 809] (the "Second Underlying Conviction 2255 Motion").

Aside from the issues related to the motions on Stilley's underlying conviction, his supervised release was revoked, [ECF No. 751], and he was sentenced to a term of 3 months imprisonment, to be followed by 33 months of supervised release. [ECF No. 752]. Stilley appealed the revocation judgment, and the Tenth Circuit affirmed. [ECF Nos. 787, 789]. Nearly a year after the Tenth Circuit affirmed his revocation sentence, Stilley filed another motion under § 2255 to vacate his first revocation judgment. [ECF No. 805] (the "First Revocation 2255 Motion").

Shortly after Stilley filed his First Revocation 2255 Motion, the Court found Stilley guilty of a *separate* violation of the terms of his supervised release, which were imposed as a part of the first revocation. [ECF No. 816]. The Court sentenced Stilley to 24 months imprisonment, with no term of supervised release to follow. [*Id.*]; [ECF No. 820]. As noted in the minutes for the second revocation, and as reflected in the Court's docket sheet, the Court

2

also denied Stilley's Second Underlying Conviction 2255 Motion and his First Revocation 2255 Motion. *See* [ECF No. 816]. Stilley then appealed the Court's second revocation judgment, and the Tenth Circuit affirmed. [ECF Nos. 844, 845].

Stilley has now filed yet another motion under § 2255. [ECF No. 846]. This time, he challenges the second revocation judgment as well as several previous orders and judgments. That motion is now before the Court for decision.

## II. Discussion

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides:

> The judge who receives the [§ 2255] motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

As required by Rule 4(b), the court has fully examined Stilley's motion filed at [ECF No. 846] and, for the reasons explained more fully below, finds that it plainly appears from the motion and the record of prior proceedings that

Mr. Stilly is not entitled to relief.[1] Stilley's motion, therefore, must be dismissed.

First, Stilley's motion appears to challenge several of the judgments that he has filed previous § 2255 motions about. However, no second or successive motions have been certified as required under § 2255(h). Therefore, to the extent Stilley seeks relief under § 2255 as to his original underlying sentence, [ECF No. 338], or the first revocation of his supervised release, [ECF Nos. 751, 752], his latest § 2255 motion filed at [ECF No. 846] must be dismissed for lack of jurisdiction. *United States v. Williams*, 790 F.3d 1059, 1068 (10th Cir. 2015).

Although a district court may lack jurisdiction to hear a second or successive § 2255 motion, a "district court may transfer the matter to [the Tenth Circuit] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008); *see also Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006). Courts examining whether a transfer is "in the interest of justice" examine such factors as "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good

---

[1] Mr. Stilley did not attach any exhibits to his motion.

faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *In re Cline*, 531 F.4d at 1251 (citing *Trujillo*, 465 F.3d at 1223 n.16). The Tenth Circuit has found that a district court does not abuse its discretion in concluding that it is not in the interest of justice to transfer a second or successive § 2255 motion to the Tenth Circuit for authorization if there is "no risk that a meritorious successive claim will be lost absent a § 1631 transfer." *Id*. at 1252 (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)). After fully reviewing Stilley's motion, the Court finds no risk that a meritorious claim will be lost if it does not transfer the motion to the Tenth Circuit. As has been the case with other filings made by Mr. Stilley, the present § 2255 motion raises issues and arguments that have already been considered and rejected in various orders at the district court level and the Tenth Circuit. The Court has again considered and likewise rejects Stilley's previously-raised arguments for the same reasons explained by Judge Friot and the Tenth Circuit. Stilley also has not adequately explained why transfer to the Tenth Circuit is appropriate. Therefore, after considering the relevant factors and circumstances present in this case, the Court declines to transfer Stilley's motion under 28 U.S.C. § 1631.

But even beyond the issue of whether the court lacks jurisdiction over Stilley's motion, there is a more fundamental issue. Tenth Circuit precedent

is clear that "[s]ection 2255 motions are not available to test the legality of matters which should have been raised on direct appeal." *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).[2] Criminal defendants may not use § 2255 motions as a substitute for a direct appeal, and failure to raise an issue at trial or on direct appeal creates a procedural bar. *United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004). A procedural bar also arises when claims were raised on direct appeal and the claims have been considered and rejected by the appellate court. *Warner*, 23 F.3d at 291. Procedural default can be excused if defendant can establish good cause for failing to raise the issue earlier, that failure to consider the issue would cause actual prejudice, or that failure to consider would be a fundamental miscarriage of justice. *Cervini*, 379 F.3d at 990–91. A defendant may establish cause to excuse a procedural default if he can show that a claim was not raised on direct appeal due to ineffective assistance of counsel. *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996). The fundamental miscarriage

---

[2] The Court acknowledges that this procedural bar defense may be raised *sua sponte*, but the movant must be given an opportunity to respond to the defense. *Warner*, 23 F.3d at 291. However, the Court need not provide Stilley *additional* opportunity to address this issue because he already did so in his motion. *See* [ECF No. 846 at 17–21] (specifically addressing the reasons Stilley believes he could not raise issues on his direct appeal); *cf. United States v. Nichols*, No. 11–2114–KHV, 2011 WL 2472578, at *1 n.1 (D. Kan. June 21, 2011) (declining to order further briefing on a timeliness argument because the "defendant raised the timeliness issue and he thoroughly addressed the issue in his initial motion.").

of justice exception is "a markedly narrow one, implicated only in 'extraordinary case[s] where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012) (quoting *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007)).

In addition to raising arguments that have already been considered and rejected by this Court and the Tenth Circuit, the Court again notes that it has fully considered Stilley's present § 2255 motion and finds that each argument could have—and should have—been made in his direct appeal of the second revocation judgment. Stilley does also assert that there were several impediments to his ability to raise such issues on appeal, [ECF No. 846 at 17–21], but the Court finds that none of those grounds show sufficient cause to justify relief. Additionally, and after fully considering all the arguments set forth in Stilley's current § 2255 motion and the relevant authority, the Court finds his arguments lack merit.

### III. Conclusion

For the reasons set forth above, Defendant Oscar Stilley's Verified Provisional Petition Pursuant to 28 U.S.C. 2255, to Vacate All Criminal Judgments Against Him, [ECF No. 846], is DISMISSED. A separate judgment will be entered.

Because this order fully resolves Stilley's filing at [ECF No. 846], the following additional filings are MOOT: [3]

- Stilley's Verified Motion for Release Pending 2255 Proceedings, [ECF No. 848];
- Petitioner's Motion for Show Cause Order, to Show Why Opposing Counsel Should Not Be Disqualified, [ECF No. 849];
- Petitioner Stilley's Motion for Scheduling Order, [ECF No. 850];
- Petitioner Stilley's Motion to Compel the Government to Comply with *Brady/Giglio/Napue/Glossip*, [ECF No. 852];
- Petitioner Stilley's Verified Motion to Compel the Government to Accept Donations Necessary for Due Process, and Access to Internet Service for Legal Purposes, [ECF No. 853];
- Stilley's Motion for "Prompt" Conduct of Litigation, and Determination of the Meaning of the Word, with Included Brief, [ECF No. 854];
- Petitioner's Motion for Release Pending the Decision on his Motion under 28 U.S.C. 2255 or 2241, Whichever Comes Last, [ECF No. 858];
- Motion to MSSD and OKND Courts for Joint Hearing on Zoom or Discord Other Suitable Videoconferencing Utility, [ECF No. 859];
- Stilley's Second Verified Motion for "Prompt" Conduct of Litigation, and Determination of the Meaning of the Word, with Included Brief and Also With a Supplemental Consolidated Brief, [ECF No. 860];
- Petitioner's Verified Motion for Speedy Trial, [ECF No. 861];
- Consolidated Brief in Support of Contemporaneously Filed Pleadings in MSSD and OKND, [ECF No. 862]; and
- Motion/Request for Judicial Notice of Grant of Certiorari Bearing Upon Stilley's Various Motions for Release Pending a Decision on the Merits, [ECF No, 864].

Stilley has also filed a motion to receive service via mail going forward in this case until he is released from custody. [ECF No. 863]. The Court

---

[3] In several of these motions, it appears that Stilley requests the Court to enter orders directed at other courts in separate proceedings. The Court finds that it lacks jurisdiction to enter orders directed at other courts and/or proceedings not currently before this Court.

GRANTS this motion. The Court DIRECTS the Clerk of Court to provide Defendant with a copy of all future filings in this case via mail to the address listed by Stilley in this motion. Stilley is reminded that he must maintain an updated address for service with the Court.

DATED this 23rd day of June, 2026.

_Sara Hill_

Sara E. Hill
UNITED STATES DISTRICT JUDGE