**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES | PLAINTIFF/RESPONDENT |
| V. | Criminal Case No. 4:09-cr-43-2 SEH |
| | Civil case No. 4:25-cv-00673 |
| OSCAR STILLEY | DEFENDANT/PETITIONER |

**STILLEY'S VERIFIED MOTION TO AMEND OR SET ASIDE JUDGMENT**
**PURSUANT TO FRCP 59(e), WITH INCLUDED BRIEF**

Comes now Oscar Stilley, Defendant/Petitioner (Stilley) and for his motion to amend or set aside a judgment pursuant to FRCP 59(e) and states:

1) Stilley filed a 2255 petition and various other pleadings, all of which were entered 12-15-2025. Stilley subsequently filed additional pleadings.

2) On 6-23-2026, this Court dismissed the 2255 petition, granted a motion for hard copy service for a limited time period, and denied all other pending motions as moot.

3) Stilley's criminal judgments, and all of them, are legally VOID, for various reasons.

4) The Court's ruling is legally untenable, for reasons which will be set forth and explained in the included brief.

**WHEREFORE**, Stilley respectfully requests that the opinion, order, and judgment of dismissal (Dkt. 865, 866):

1. Be set aside and held for naught.

1

2. That Respondent be ordered to respond to the petition, paragraph by paragraph, and respond to all motions save the one about salt and hard copy service.

3. That Stilley be granted all relief sought in his pleadings dismissed or denied as moot since 12-15-2025; especially but without limitation release pending final decision, sufficient that Stilley can attend the Yoder family reunion Friday and Sabbath, July 16-17, 2026.

4. Requests such other and further relief as may be appropriate, whether or not specifically requested.

Petitioner by his signature below pursuant to 28 U.S.C. § 1746 declares under penalty of perjury that the foregoing facts are true and correct.

/s/ Oscar Stilley
OSCAR STILLEY, DOJ-FBOP #10579-062

Respectfully submitted this 9th day of July, 2026.

/s/ Oscar Stilley
OSCAR STILLEY, DOJ-FBOP #10579-062

**BRIEF IN SUPPORT**

This Court dismissed Stilley's 2255 petition by judgment filed 6-23-2026, exactly 30 days before the expiry of Stilley's prison sentence, calculated without any allowance for home confinement or halfway house. Applicable rules require Stilley to file any FRCP motion to amend, alter, etc., such a judgment no later than 28 days after entry of the judgment. No extensions of time are permitted. FRCP 6(b)(2).

2

The Court based its judgment of dismissal on two separate theories. First, the Court construed Docket 805 as a DE FACTO 2255 petition, thus converting Stilley's current 2255 against his 3-month sentence a second or successive 2255 petition. Such second or successive 2255 petitions require leave from the 10th Circuit Court of Appeals. Stilley has no such leave, nor has he requested any such leave.

Second, the Court determined that Stilley's issues are not cognizable in a habeas case under 28 USC 2255. The core of the argument is the unremarkable proposition that habeas will not do service for an appeal. Litigants are generally expected to pursue the correction of legal errors through the one direct appeal to which they are by law and rule entitled. The reasoning can be explained by the following decision tree.

1) If a criminal defendant win based on a meritorious direct criminal appeal, the matter is concluded favorable to the defense, thus no habeas is needful or desirable.

2) If a criminal defendant raises and litigates his arguments on direct appeal, and loses the appeal, RES JUDICATA prevents attempts to relitigate the same claims via habeas corpus.

3) If a criminal defendant fails to raise and litigate claims cognizable on appeal, without a showing of cause and prejudice, he is barred from habeas review because he had a fair chance to raise and litigate them on direct appeal, but didn't.

In this way the District Court concluded that Stilley "had nothing coming." Worse yet, he couldn't even get to the point of litigating the merits. Thus, the dismissal rather than discovery, judicial proceedings, and rulings on the merits.

3

To the extent that this involves any over-simplification of the issues, it is not a harmful over-simplification. The Court's decision is plain error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. It violates fundamental constitutional principles, Supreme Court rulings, and case law. Stilley's pleaded 2255 facts and claims are sufficient to require this Court to vacate and set aside its opinion and judgment, (Dkt. 865, 866) reinstate the current 2255 petition, and compel the government to forthrightly answer every numbered paragraph therein. Furthermore, the motions the Court swept aside as moot must be restored to the docket, and litigated. The motion for release should be treated as an emergency matter, since Stilley's Good Conduct Time (GCT) release is 7-23-2026, some 2-weeks away.

## I.    THE RECHARACTERIZATION OF A PLEADING INTO A FIRST 2255 MOTION REQUIRES NOTICE TO THE DEFENDANT WHICH WAS NOT GIVEN IN THIS CASE

When confronted with the second revocation petition, Stilley filed a motion (Dkt. 809) to vacate the original judgment, Dkt. 338, along with a motion (Dkt. 805) to vacate the first revocation judgment, Dkt. 752. These pleadings were repackaged and refined versions of motions to suppress both of said judgments in *Oscar Stilley v. John Thurston, Secretary of State*, Ark. Sup. Ct. 24-453.

Five of the best attorneys in the Arkansas Attorney General's office defaulted on those motions to suppress. A Special Master conducted proceedings, declared that Stilley vehemently argued the merits of his position, but declined to rule. Six out of seven Arkansas Supreme Court justices dismissed Stilley's original action petition in a PER CURIAM opinion - without acknowledging or ruling upon Stilley's motions, or waiting for discovery including requests for admission which would have been "deemed admitted" the day after the dismissal. For good

4

measure, the PER CURIAM referred Stilley for criminal prosecution in his home county, resulting in *State v. Stilley*, Circuit Court of Crawford County, Arkansas, # 17CR-24-508. A status hearing in this felony perjury case is scheduled 7-29-2026, and a trial is currently set for September 22, 2026.

In other words, not less than a dozen of the finest lawyers and jurists in the State of Arkansas, all of whom had enormous incentive to attack Stilley's motions to suppress, had NOT ONE WORD TO SAY AGAINST THEM, despite deadlines and legal obligations. Stilley lost everything despite these defaulted motions.

The Court now has a claimed reason that Stilley cannot prevail IN THIS LITIGATION. Stilley's motions to vacate weren't criminal motions - at least they weren't exclusively criminal motions - because they were DE FACTO 2255 motions.

Except that this theory is barred by *Castro v. United States*, 540 US 375, 157 L. Ed 2d 778, 124 S Ct 786 (2003). In that case the US Supreme Court ruled that a district judge cannot recharacterize a motion as a first 2255 motion without 1) notifying the litigant of the intended recharacterization and its consequences, and 2) providing opportunity to amend or withdraw the pleading. The Castro opinion cited *United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000) in support of its claim that 9 circuits already had due process safeguards, required prior to such a recharacterization. In the 10th Circuit, *United States v. Kelly* is routinely cited (often in conjunction with *Castro*) in support of the proposition that Castro's requirements must be respected.

As to the motion (Dkt. 805) the Court relies upon to claim Stilley's attack on Docket #752 is second or successive, no such notice was given or attempted. Despite the fact that the Arkansas Attorney General's office and local prosecutors were collaborating with federal

5

prosecutors, no attempt was made to claim, at the time, that Stilley's federal criminal motions to vacate were DE FACTO 2255 motions. Those motions weren't converted to 2255 petitions then, and cannot be converted at this time. *Castro v. United States* and *United States v. Kelly* make a BELATED recharacterization UTTERLY IMPOSSIBLE.

## II.    STILLEY'S DOCKET # 805 FURTHERMORE DOES NOT QUALIFY AS AN ORIGINAL 2255 DUE TO THE LACK OF SUBSTANTIVE REVIEW.

Furthermore, even if Judge Friot had respected *Castro* and *Kelly*, such a motion could not be treated as an initial 2255 petition, under 10th Circuit precedent. In *Haro-Arteaga v. United States*, 199 F.3d 1195 (1999) the Court includes a collection of reasons that a "first" 2255 will not be treated as a first 2255 for "second and successive" purposes. The *Haro-Arteaga* cited to a 7th Circuit case, *Garrett v. United States*, 178 F.3d 940 (7th Cir. 1999), quoting the following from page 942 of that decision:

> Our cases have required that, in order for a habeas petition to be considered successive, the previous motion must have been denied on the merits. The district court must have ENGAGED IN SUBSTANTIVE REVIEW. (emphasis added).

The 10th Circuit agreed and adopted that rule for the 10th Circuit. So, guess this -- what other petition received no substantive review? Stilley's original 2255 petition filed within a year of Stilley's recovery of access to THE WHEREWITHAL TO COMPETENTLY PREPARE THAT MOTION.

Stilley has complained bitterly about Friot's secret EX PARTE hearing and order, saying that the government didn't need to respond to any of Stilley's motions. This fact alone absolutely

lays waste to any claim that Stilley's attack on the first revocation sentence (Dkt. 805) could possibly be barred as a second or successive petition without circuit court authorization.

Furthermore, as Stilley has repeatedly argued in various pleadings, Friot disposed of all of Stilley's motions in a single minute order, (Dkt. 816) without any analysis whatsoever. Stilley is currently denied meaningful access to the transcripts.

However, he recalls that BOTH Judge Friot and prosecutor Charles Anthony O'Reilly ignored virtually all the issues in Stilley's written motions. Stilley is exceedingly handicapped, lacking either the record of appeal 24-5133 or the district court record, but when he gets access to this information, he will be able to show beyond peradventure that Judge Friot HAD TO HAVE conveyed to Mr. O'Reilly that there was no need to devote effort toward rebutting Stilley's written arguments during the hearing.

Thus, it is plain that not only did Judge Friot tell Mr. O'Reilly he didn't need to respond in writing, he also conveyed the fact that Mr. O'Reilly didn't need to rebut anything during the hearing either. He didn't need to give the judge the government's position. He only needed to keep his mouth shut and allow Judge Friot to enter a summary order that INDEPENDENTLY deprives this Court of any basis for treating Stilley's motion as a first 2255 petition.

### III.   STILLEY IS NOT BARRED FROM RELIEF BY FAILING TO PURSUE APPELLATE REMEDIES.

The Court's other theory is that Stilley failed to pursue his issues on appeal, and thus waived them. Once again, we must remember that the Court's dismissal was based upon Rule 4. Stilley's claims must be so meritless that it would be IMPOSSIBLE for him to prevail, even if he was allowed to litigate in the normal way.

Once again, the District Court is astonishingly wrong on the law. Claims of ineffective assistance of counsel are almost never available on direct appeal. *United States v. Galloway*, 56 F.3d 1239 (1995) (en banc). With few and rarely applicable exceptions such claims must be pursued, if at all, in a 2255 habeas petition. *Id*. at 1240. In rare cases a litigant has an OPTION - but NEVER a requirement - to pursue such claims on direct appeal. *Id*. at 1241. Contrary prior precedent was overruled. *Id*.

If an ineffective assistance argument has been fully developed and decided on the merits, issue preclusion may bar collateral review. *Id*. at 1243. Nobody thinks that's the case here.

Furthermore, as *Galloway* explains, appellate courts are rarely willing to allow a remand for development of the record. Development of the record is expected to be part of the 2255 litigation process. *Id*. at 1241.

In Stilley's most recent appeal, 10th Cir. Dkt. 24-5133, 2025 US App. Lexis 24680, the panel at paragraph 4 of a 7-paragraph decision *said '[W]e reject these arguments out of hand, because "such...collateral attack[s] cannot be made in an appeal of the revocation of supervised release."'* The rectitude of such a conclusion, or lack thereof, is beside the point. What matters is that Stilley didn't get a fully developed merits decision on his 6th Amendment claims. Ditto for the decision on the first appeal.

The decision on the appeal of the first revocation 10th Cir. 22-5113 devotes about half a paragraph to observations about the District Court's rulings concerning a request for re-appointment of standby counsel. Nothing in that decision purports to be a reasoned decision on Stilley's 6th Amendment claims.

Stilley on the first revocation 10th Cir. 22-5113 used his 13,000-word limit, less about 14-words. He filed a motion requesting permission to file an overlength brief of 18,000-words.

This motion was denied. In light of the fact that Stilley used his word limit and wanted more, why pray tell would he devote precious time, effort, and words to an argument that pursuant to binding circuit precedent WON'T EVEN BE CONSIDERED, except in the rarest of circumstances?

The complete denial of counsel, whether for the entire case or only for some critical stage of the proceedings, is merely the "most obvious" example of ineffective assistance of counsel. _United States v. Cronic_, 466 US 648, 659 (1984). Whether or not Stilley had the option of raising 6th Amendment violations on direct appeal is, for this proceeding, immaterial. For at least the past century, the complete denial of the assistance of counsel, during a critical stage of the proceedings, results in a VOID judgment. Not voidABLE, but VOID. As the US Supreme Court explained in _Moore v. Dempsey_, 261 US 86 (1923):

> If the accused, however, is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a JURISDICTIONAL BAR to a valid conviction and sentence depriving him of his life or his liberty. The judgment of conviction pronounced by a court without jurisdiction is VOID, and one imprisoned thereunder MAY OBTAIN RELIEF BY HABEAS CORPUS (emphases added).

How then could Stilley be guilty of violating the supervised release allegedly imposed by Docket #752? Stilley has already shown, in prior pleadings, that a void judgment has all the efficacy and binding effect of a blank sheet of paper.

How does this generally play out? Consider this part of the second paragraph of the decision in _Cook v. TDCJ-TPD_, et al, 37 F.3d 166 (5th Cir. 1994):

9

Cook was convicted of burglary in 1964. In 1982, Cook was convicted of indecency with a child, and received 20 years, which included a ten-year enhancement for the 1964 conviction. In 1987, this Court voided Cook's 1964 conviction because Cook was indigent and without counsel at his probation revocation hearing in 1964. *Cook v. Lynaugh*, 821 F.2d 1072 (5th Cir. 1987). The Court also reversed Cook's 1982 conviction, holding that Cook's counsel was constitutionally ineffective for failing to investigate the validity of the 1964 sentence.

It is a virtual certainty that Cook neither appealed nor pursued habeas relief following his 1964 conviction. That didn't matter. The 1964 judgment was void, even prior to a judicial pronouncement, and could never be upgraded into a valid criminal judgment.

## IV.    THIS COURT SHOULD PROMPTLY RELEASE STILLEY PENDING A FINAL DECISION ON THE MERITS.

Stilley filed a motion for release pending a decision on this litigation, entered 12-15-2026. Dkt. 848. This is one of the motions swept away by the Court as moot. None of these dismissed motions are moot. The motion for release pending the conclusion of these proceedings should be treated as an emergency motion and granted promptly.

Stilley filed a motion suggesting that Charles Anthony O'Reilly is ethically barred from participation in this case. He participated in an EX PARTE hearing and received and utilized the benefit of an EX PARTE order. Stilley suggested that the government be given a chance to show that O'Reilly should be allowed to continue to advocate in this case.

This Court has done absolutely nothing to address the ethical issues. We haven't even started on that project. Therefore, Stilley proposes the following solution. Give the government somewhere between 4 and 24 hours to file a response to the motion for release pending the

conclusion of 2255 proceedings including appeals, AND ALSO to explain why the signing attorney should be allowed to remain as advocate in spite of the ethical breaches. Then if no satisfactory showing is submitted, as to EITHER issue, order Stilley to be immediately released pending the conclusion of 2255 proceedings and appeals.

This is not unreasonable. _In Stilley v. Thurston, et al_, Ark. Sup. Ct. 24-453, the Arkansas Supreme Court on August 22, 2024 gave the Respondent a period of some hours to respond, by Stilley's recollection some three or four hours. They responded, and the Court ruled on the motion before 10:00 PM that same day.

Stilley was locked up 4-23-2010. He has been in continuous custody, of one form or another, for more than 16 years. At all times he has exerted every fiber of his being to lawfully pursue the recovery of his liberty. Now he is within 2-weeks of GCT release, whereupon the entire sentence will be concluded, save the loss of civil liberties and some $800,000 in monetary penalties.

Stilley's political enemies have made a mockery of Stilley's right to halfway-house and home confinement - doubtless primarily for the purpose of crushing his litigating capacity. For the thousands of pages and thousands of hours devoted to this sacred cause, Stilley should be able to recover AT LEAST a few days of his personal liberty.

Stilley has already explained that he would like to attend the Yoder family reunion, to be held on Friday and Sabbath day, the 17th and 18th of July, 2026. It is semi-annual, which means that if Stilley misses this one, he'll have to wait two years for the next one. To reasonably have a chance to attend, he needs to be released by Tuesday the 14th. That would give him the 14th to get to Fort Smith, Arkansas, the 15th to get basically situated in his rental place, the 16th to travel to Illinois, whereupon he could enjoy the reunion. Of course, earlier is better than later.

11

Stilley does not wish to travel on Sabbath day, but would be delighted if this Court would order Stilley released Sunday or Monday, rather than Tuesday of the week of July 12. That being said, if the circumstances will only permit Stilley from enjoying even one more day of liberty, he most respectfully requests and demands the liberty of that day. Stilley seeks the recovery of every day of liberty that he can possibly get.

Please do not engage in any efforts to limit the response obligations of the government. If they think that any part of the petition should not be the subject of an order compelling answers, let government counsel (whoever that may be) file their motion and make their arguments. From this case it should be apparent that there are serious reasons that courts should only with the greatest caution make rulings without giving both sides a fair chance to make their arguments.

The fundamental essence of due process is the right to be heard in a meaningful time and a meaningful manner. Failure to remember this bedrock principle can be embarrassing.

The request for immediate restoration of liberty is meant as a benefit to this Court. Restoration of some liberty -- however little -- would do at least four good things for the Court.

First, it would suggest that the Court's errors weren't intentional or meant to prejudice Stilley's rights.

Second, it would distance the Court from the lawless denial of halfway house and EARNED home confinement.

Third, as a matter of law, it would telegraph to the Circuit Court of Crawford County, Arkansas, that the judgment he is accused of flouting hangs by a gossamer thread.

Fourth, it would demonstrate respect for the special position that personal liberty holds, in the best tradition of the law of the English-speaking peoples.

**CONCLUSION**

The Court's SUA SPONTE dismissal of Stilley's 2255 petition is legally erroneous. The 2255 petition should be reinstated, Stilley should be IMMEDIATELY released pending these proceedings, and the Court should grant all the other relief set forth in Stilley's prayer above.

Respectfully submitted this 9th day of July, 2026.

By: /s/ Oscar Stilley
OSCAR STILLEY, DOJ-FBOP #10579-062
FCC Yazoo City Camp
PO Box 5000
Yazoo City, MS 39194

**CERTIFICATE OF SERVICE**

Defendant Stilley hereby certifies that on the date stated above he electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, thereby serving all persons having ECF privileges and entitled to service in this case.

By: /s/ Oscar Stilley
OSCAR STILLEY, DOJ-FBOP #10579-062
FCC Yazoo City Camp
PO Box 5000
Yazoo City, MS 39194